STATE *ex rel.* H. W. CHILDS, Attorney General, *vs.* SCHOOL DISTRICT No. 152 OF BLUE EARTH COUNTY.

Argued July 12, 1893.  Information quashed July 20, 1893.

**Statute Construed.**

> The provision of 1878 G. S. ch. 36, § 1, that "every school district shall be presumed to have been legally organized when it shall have exercised the franchises and privileges of a district for the term of one year," establishes a conclusive presumption of law in the nature of a statute of limitation.

**"Organized" Construed.**

> The term "organized" relates to the establishment or formation of the district, and not merely to the action of the voters in electing school officers.

Information filed by the Attorney General, asking that a writ of *Quo Warranto* issue to School District No. 152 in Blue Earth County, to show by what warrant it exercised corporate rights as a school district.

The *Attorney General* and *Pfau & Young*, for the relator.

The latter portion of 1878 G. S. ch. 36, § 1, is as follows: "Every school district shall be presumed to have been legally organized when it shall have exercised the franchises and privileges of a school district for one year."  It is claimed by the respondent that even though the County Commissioners had no jurisdiction in the premises in the first instance, and even though their action in dividing School District No. 110 be void, that under the provision above cited the corporate existence of School District No. 152 cannot now be disturbed; that this provision is a statute of limitation, as absolute and unassailable as the so-called statute of limitations. This statute presumes a corporation to have been legally organized after it has existed *de facto* for one year.  In other words, proof of one year's existence is *prima facie* evidence of the right to exist.  The statute raises the presumption of the legal existence of a school district which cannot be assailed collaterally.  This places upon the state the burden of showing the illegality of the organization of the new district, after the defendant has established the existence of the corporation for one year.  We are aware that

in *Stuart* v. *School District No. 1 of Kalamazoo*, 30 Mich. 69, the Supreme Court deemed it inadvisable to disturb the corporate existence of a school district after the lapse of thirteen years. That was a case wherein the existence of a corporation was collaterally attacked, and the language of the court indicates that the Michigan statute, which is similar to the one under consideration, was not considered a statute of absolute limitation. *Lord* v. *Every*, 38 Mich. 405; *Call* v. *Chadbourne*, 46 Me. 206.

*Daniel Buck* and *Thomas Hughes*, for respondent.

This statute of limitation in the school law should be construed as one of repose, especially upon the conceded facts in this case. *Collins* v. *School Dist. No. 7*, 52 Me. 522; *Call* v. *Chadbourne*, 46 Me. 206; *State* v. *Leatherman*, 38 Ark. 81; *Trustees of Schools* v. *School Directors*, 88 Ill. 100; *Board of Supervisors* v. *Magoon*, 109 Ill. 142.

If the district is illegally organized, so is every district in Blue Earth County, and probably a majority in the state. School districts, unfortunately, are apt to act with great informality in their corporate matters and it is a sound rule to let general acquiescence cover the errors. Judge Mitchell of this court, in *State* v. *Minnesota Thresher Mfg. Co.*, 40 Minn. 213, says: "It is only where some public mischief is done or threatened, that the state by its Attorney General should interfere." No such facts appear in this case. There has been no injury done the public and none is threatened. The case is free from wrong, fraud or oppression. A majority of the freeholders desired a new district. The great number of children made it necessary.

MITCHELL, J. Information in the nature of *quo warranto* to test the legal existence of the respondent as a school district. We do not find it necessary to follow counsel in their discussion of the question of the validity of the action of the board of county commissioners in establishing the district or the question of the discretionary power of the court in such cases, because, in our judgment, the proceeding was barred by the statute. The county commissioners made an order on May 7, 1891, assuming to establish this district out of a part of the territory of district No. 110. A meeting of the voters of the new district was held on September 17, 1891, at

which they elected school officers, who immediately qualified and entered upon the duties of their offices, and it appears that it has ever since that date been in the exercise of all the franchises and privileges of a school district, such as hiring teachers, providing a school, buying a site for a schoolhouse, levying taxes, contracting debts for school purposes, drawing public school money from the state, etc. This information was not filed until January 30, 1893. 1878 G. S. ch. 36, § 1, provides that "every school district shall be presumed to have been legally organized when it shall have exercised the franchises and privileges of a district for the term of one year." We think this must be construed as establishing a conclusive presumption of law in the nature of a statute of limitation. It is true the statute does not expressly say that the presumption shall be conclusive, but this is implied from the purpose which it was designed to effect.

It is a matter of common knowledge that municipal action is often exceedingly irregular, although taken in perfect good faith. If these municipalities are subject to be called into court to defend their original organization, and be subject to dissolution, after they have gone on raising taxes, buying property, contracting debts, and exercising all their usual franchises for years, the mischief and embarrassment that might ensue would be incalculable. These were the evils which the statute was designed to prevent by providing that, after a school district had exercised the franchises and privileges of a district for one year, the legality of its organization should not be questioned. To hold that the presumption is disputable, and merely shifts the burden of proof, would render the statute of very little value. The suggestion is made that the presumption applies only to the "organization," (that is, the action of voters in electing officers, etc.,) as distinguished from the "establishment," of the district by the board of county commissioners. To give it this construction would also render the statute practically nugatory. The words "establish," "create," "form," and "organize" are evidently used interchangeably, and as practically synonymous. The word "organization" is clearly used in the sense of formation, and includes everything necessary to the creation of the district, or bringing it into being. Reference is made to certain understandings or verbal stipulations between individual voters in the district, or between

them and the attorney general, that these proceedings, when commenced, might be deemed instituted as of an earlier date; but it is hardly necessary to say that any such understandings between individuals could not bind the district or affect its rights.

Information quashed.

(Opinion published 55 N. W. Rep. 1122.)