STATE OF MINNESOTA ex rel. H. G. TRACY v. CLAYTON R. COOLEY, County Auditor.[1]

July 7, 1896.

Nos. 10,001—(56).

**Mandamus—Res Judicata.**

State v. Cooley, 58 Minn. 514, followed, to the effect that the respondent is not estopped, by the judgment on a former application for mandamus, from alleging that the school district of which relator was treasurer had been dissolved.

**School District—Dissolution—Presumption of Continued Existence— G. S. 1894, § 3648.**

Where an independent school district has been dissolved pursuant to statute, no presumption in favor of the continued legal existence of the district under G. S. 1894, § 3648, arises from the fact that certain inhabitants of the former district have persisted in the usurpation of corporate powers for one year after the dissolution.

**Constitution—Delegation of Legislative Powers—G. S. 1894, § 3813.**

Laws 1885, c. 170 (G. S. 1894, § 3813), providing for the dissolution of independent school districts, is not unconstitutional as being a delegation of legislative powers.

Appeal by relator from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial. Affirmed.

*Savage & Purdy*, for relator.

*Wilson & Van Derlip*, for respondent.

[1] Reported in 68 N. W. 66.

MITCHELL, J. This is a second edition of State v. Cooley, 58 Minn. 514, 60 N. W. 338. It does not appear from the record what disposition was made of the former case after it was remanded to the district court, but subsequently the same relator applied for another writ of mandamus to compel the respondent as auditor of Hennepin county to issue a warrant for the payment from the public school funds in the county treasury of certain money to which it was alleged the independent school district of Minneapolis Park was entitled, and of which district relator claimed to be treasurer. The defense in this, as in the former action, was that there was no longer any such district; that it had been legally dissolved in July, 1893, pursuant to the provisions of Laws 1885, c. 170 (G. S. 1894, § 3813). The trial court found that the district had been lawfully dissolved, and ordered that the alternative writ be discharged. From an order denying a new trial the relator appealed.

1. That the judgment by default against the respondent in January, 1894, granting a peremptory writ of mandamus against him to pay other moneys to the relator, does not estop him from denying in this action the existence of the school district, is settled by the decision in State v. Cooley, supra. Indeed, we are strongly inclined to the opinion that the proposition that the doctrine of res adjudicata could not be invoked might be put on the much broader ground that the respondent, as a public officer, could not, by any act or omission of his, estop the public, whom he represents. But it is unnecessary to enter upon the discussion of that question.

2. It appears that, notwithstanding the dissolution of the district in 1893, the relator and others, denying its validity, persisted in attempting to keep up the organization of the district by holding elections, hiring teachers, and keeping a school. This they had continued to do for more than a year from and after the date of the dissolution of the district. Upon that state of facts the relator invokes the benefit of the conclusive presumption declared by G. S. 1894, § 3648, in favor of the legality of the organization of school districts which shall have exercised the franchises and privileges of a district for the term of one year. If a district is legally dissolved, and this fact is made to appear, this statutory presumption would not obtain. The object of the statute was to relieve districts which might have been irregularly organized from the necessity of proving the

technical regularity of their organization, and to protect their organization from collateral attack on the ground of irregularity after the lapse of a year.    State v. School District, 54 Minn. 213, 55 N. W. 1122.    It was never intended to be used to support the unwarranted usurpation of corporate powers where there was never any honest attempt to organize a district, or to support a persistence in such usurpation after a district had been legally dissolved.    If that be not true, then a minority, however small, could not only nullify the action of the majority, but even override positive legislative enactments; for otherwise all they would have to do to continue the existence of a district would be to persist in the usurpation of corporate powers for a year after the majority had voted or the legislature had enacted a dissolution.

3. The further objection is made that the statute providing for the dissolution of independent school districts is invalid, as being an unconstitutional delegation of legislative powers.    The statute may be a very imperfect and improvident one, but we do not think it is subject to the objection urged against it.

"Laws may be absolute, dependent upon no contingency, or they may be subject to such conditions as the legislature in its wisdom may impose.    They may take effect only upon the happening of events which are future and uncertain; and, among others, the voluntary act of the parties upon whom they are designed to operate. They are not the less perfect and complete when passed by the legislature, though future and contingent events may determine whether or not they shall ever take effect.    *    *    *    So the legislature may confer a power without desiring to enforce its exercise, and leave the question whether it shall be assumed, to be determined by the electors of a particular district.    The legislature may determine absolutely what shall be done, or it may authorize the same thing to be done, upon the consent of third parties.    It may command, or it may only permit; and in the latter case, as in the former, its acts have the efficacy of laws."

Field, J., in People v. Burr, 13 Cal. 343, 358.

That it is not essential that a statute must, in any event, take effect as a law at the time it leaves the hands of the legislature, but that its taking effect or its application may be made conditional, is a principle to which the writer personally has always thought this court did not give due weight in Harrington v. Town of Plainview, 27 Minn. 224, 6 N. W. 777.

In the present case the legislature has not delegated any legislative power.  It has itself acted, and declared when an independent school district shall be dissolved, to wit, whenever two-thirds of the legal voters voting at a special election called for the purpose of ascertaining their views on the subject express their opposition to the further continuance of the district.  When that condition arises, then the district is dissolved, not by the voters, but by the legislative act itself.  In urging that the act is obnoxious to the constitution as being special legislation, counsel has overlooked the facts that it was enacted prior to the constitutional amendment of 1892; [2] also that Laws 1865, c. 13, relating to independent school districts, was repealed by the revision of 1866.  Some of the other objections to the law urged by counsel may go to its expediency, but none of them, in our judgment, affect its validity.

4. In our opinion, the evidence justified the finding that the district had been dissolved in accordance with all the substantial requirements of the statute; and there was no prejudicial error on part of the court in either the admission or rejection of evidence.

Order affirmed.