## SCHOOL DISTRICT NO. 36, MARSHALL COUNTY AND OTHERS v. SCHOOL DISTRICT NO. 31, MARSHALL COUNTY AND OTHERS.[1]

### July 14, 1916.

### Nos. 19,848—(230).

**School district — change in boundaries — "territory affected" — charge.**

In this proceeding on appeal to the district court from an order of the county board detaching land from certain rural school districts and attaching it to an urban school district, it is *held*:

(1) The instructions of the trial court to the jury, in defining what territory was "affected" by the change in boundaries, were inconsistent, owing to an omission in an attempt to restate an instruction already given. No attention was called to this omission on the trial. The decision of the trial court to the effect that the jury was not misled or confused is sustained.

(2) Land within the petitioning district is "territory affected" by the change.

(3) The interests of the rural districts from which the lands are detached should not be considered independently from the interests of the urban district, so that the change should not be made if not conducive to the interests of the inhabitants of any one of the districts.

(4) There was no prejudicial error, if error at all, in not including, in the consideration of what territory was affected, land within districts that had not appealed from the order of the board.

(5) The action of the county board in this case was not arbitrary, fraudulent, oppressive, without keeping the best interests of the territory in view and so as to work manifest injustice.

Frank Dahlgren and others petitioned the county boards of Marshall and Polk counties under G. S. 1913, § 2677, for an enlargement of the

[1]Reported in 158 N. W. 729.

boundaries of School District No. 31 of Marshall county by adding certain land within the boundaries of School District No. 36 and other districts. The county board made its order detaching certain territory from District No. 36. That district and Carl A. Johnson and others individually and as officers of School District No. 36 appealed to the district court for Marshall county. The appeal was heard before Watts, J., who after the jury had answered in the affirmative the question whether it was conducive to the good of the inhabitants of the territory affected that the proposed detachment should be made, made findings and affirmed the order of the county board. From an order denying their motion for a new trial, School District No. 36 and its officers appealed. Affirmed.

*Julius J. Olson, Charles Loring, G. A. Youngquist and Alfred Halvorson,* for appellants.

*A. N. Eckstrom,* for respondents.

BUNN, J.

The title discloses the nature of this case. The petitioning School District No. 31, Marshall county, included within its borders the village of Alvarado, and had for some time maintained a semigraded school. The county board made its order detaching about ten sections of land from the adjoining Districts 36, 9 and 207, and attaching them to District 31. Of the ten sections so attached to the petitioning district, three and one-half sections were detached from District 36, reducing the size of that district from 15 sections to 11½ sections. District 36 appealed to the district court of Marshall county from this order of the county board. The other districts from which land was detached did not appeal. The case was tried to a jury in the district court. The court submitted to the jury the special question as to whether it was "conducive to the good of the inhabitants of the territory affected" that the proposed detachment of land from District 36 should be made. The jury answered this question in the affirmative, the court made findings in accord with this view of the jury, and ordered judgment affirming the order of the county board. From an order denying their motion for a new trial, District 36 and its officers appeal to this court.

The first claim of appellant is that the instructions of the court to

the jury were inconsistent and contradictory on a material issue.  The court told the jury that the "territory affected," which the jury should take into consideration in determining whether it is conducive to the good of the inhabitants to have the detachment from District 36 made, is "the whole of District 31 as it was before any attachment was made to it and that part of District 207 which is 3,200 acres, and the part of District 9, which is 1,040 acres, and all of School District 26." In other words the "territory affected" is the whole of the district to which the lands are attached, the whole of the appealing district from which the lands are detached, and the territory detached from the other districts which have not appealed.  In a subsequent part of the charge the court said: "So taking into consideration all the territory  *  *  *  affected, which, as I said before, is the part that is proposed to be taken from 9, number 207, and District 36, that is the territory to be affected, and you are to pass upon in returning your answer to this question."  The last instruction leaves out the territory in District 31, to which the lands were attached. These instructions are inconsistent and contradictory, but the omission in the last one, which was an attempt to restate in a short form the substance of the first, was quite plainly an oversight.  The court's attention was not called to this, and we hardly see how the omission could have misled or confused the jury.  Under the circumstances, the trial court having held that no prejudice resulted, we conclude that its decision should be sustained.

The next contention is that the territory within the petitioning district is not "territory affected."  The argument is that the benefit to the inhabitants of that district is manifest, as its taxable property and the number of its pupils is increased.  We do not sustain this contention. The "territory affected" includes the petitioning district. Such, we think, was the legislative intent.  The language of the opinion in Irons v. Independent School District No. 2, 119 Minn. 119, 137 N. W. 303, is pertinent.

It is urged that in any event the interests of the rural districts from which the land is detached to form a part of the urban district, should be considered independently from the interests of the urban district.  That is, if the change be found to be against the best interests of the inhabitants of any one of the districts, it should not be made insofar as it in-

volves detaching land from that district. This argument is answered by the Irons case just referred to. "The ultimate question is: What do the best interests, present and future, of the people of the territory affected, considered as a whole, require?"

It is claimed that the instructions were erroneous in not including as "territory affected" all of Districts 9 and 207. These districts did not appeal from the order of the county board. Presumably the people of these districts were willing to have land detached from them, and people in the detached portions willing to become part of the urban district. We do not see that the appealing district can complain of the failure of the court to instruct the jury to consider the best interests of the inhabitants of the district which did not appeal. If there was technical error here, and we do not decide there was, it was error without prejudice, as, under the evidence that these districts were satisfied with the order of the board, the jury could hardly find that the detachment was not for the best interests of their inhabitants.

The final contention is that the finding that the proposed change of boundaries is conducive to the good of the inhabitants of the territory affected is not sustained by the evidence. Under the rule which guides our action in cases like this, we cannot interfere with the decision of the jury and the trial court on this question. Our inquiry is limited to "a consideration of whether the county board proceeded arbitrarily or fraudulently or oppressively without keeping the best interests of the territory in view and so as to work manifest injustice. It will not disturb the honest judgment of the board, or determine the legislative question committed to it." Sorknes v. Board of Co. Commrs. of Lac qui Parle County, 131 Minn. 79, 154 N. W. 669; Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723.

In the case at bar we see nothing arbitrary in the action of the board, no fraud or oppression, and no manifest injustice in the result.

Order affirmed.