STATE ex rel ICE, Appellant, v. WELCH, as County Superintendent of Schools of Hand County, Respondent.

## (190 N. W. 77.)

(File No. 5171.    Opinion filed September 29, 1922.)

1. **Appeal and Error—Findings of Fact—Request for Findings— Failure of Court to Make Findings, Though Error, Not Prejudicial.**

    The failure of the trial court to make findings of fact in a case tried to the court, though error, was not prejudicial.

2. **Schools and School Districts—Consolidated School Districts— Elections—All Qualified Voters in Districts Affected by Proposed Consolidated District Are Eligible to Vote on Question.**

    Under Rev. Code 1919, Sec. 7571, relating to the organization of consolidated school districts, every qualified voter in any district affected by the proposed district is eligible to vote on the question, though not residing within the territory to be embraced in the proposed district, and such right is not affected by laws Sp. Sess. 1920, c. 47.

Appeal from Circuit Court, Hand County; Hon. John F. Hughes, Judge.

Mandamus by the State of South Dakota, on the relation of J. W. Ice, against Addie C. Welch, County Superintendent of Schools of Hand County. Decree for defendant, and plaintiff appeals. Affirmed.

*M. C. Cunningham,* of Highmore, for Appellant.

*H. J. Bushfield,* for Respondent.

GATES, P. J.    Appeal from a judgment denying mandamus, wherein it was sought to compel the organization of a consolidated school district. The cause was submitted to the trial court upon an agreed statement of facts. Without making findings of fact and conclusions of law, as required by statute, the trial court entered judgment. This neglect is assigned as error. The judgment recited:

"And the court having fully considered such agreed statement of facts heretofore submitted, and being fully advised," etc.

[1]   No request was made by appellant for findings and conclusions. State ex rel Jackson v. Kerkow, 31 S. D. 491, 141 N. W. 377. The action of the trial court was certainly irregular and erroneous, but we can perceive no prejudice to appellant therefrom.

It appears from the agreed statement of facts that the independent school district of St. Lawrence township, Hand county, S. D., comprises all of St. Lawrence township, viz., congressional township 112, range 67, and one section adjacent thereto in Miller township, viz., congressional township 112, range 68. A petition was presented to the county superintendent of schools, asking for the organization of a consolidated school district, which should embrace all of the St. Lawrence district, except the section in Miller township and sections 6, 7, 18, and 19 of St. Lawrence township, in accordance with a plat theretofore approved. Such petition was signed by 66 persons, of whom 43 resided in the proposed district and 23 within that part of St. Lawrence school district not included in the proposed district. The 43 constituted 25 per cent of the qualified electors of the proposed district, but the 66 did not constitute 25 per cent of the qualified electors of the entire independent school district of St. Lawrence township. An election was called for February 24, 1920. At the appointed time and place the meeting was organized, and there were present more than 20 electors, 20 of whom resided within the proposed district. About an hour later, a number of electors, less than 20, residing within the proposed district, were called to order in the same room, and separate elections were held. In the meeting first organized, 147 voted against and 11 for the consolidated district. In the meeting last organized, 23 voted for consolidation and none against. The county superintendent found that there were 148 votes against and 33 for the consolidated plan, and refused to proceed further with the proposed consolidation, and the trial court sustained her.

[2]   In our opinion the appeal is entirely without merit. At the time of these proceedings, section 7571, Rev. Code 1919, read in part as follows:

" * * * Upon presentation to the county superintendent of a petition signed by at least twenty-five per cent of the electors *of each district affected,* qualified to vote at school meetings, * * *

asking for the formation of a consolidated school district, * * *
the county superintendent shall * * * cause ten days' posted notice
to be given *in each district affected* and one week's published no-
tice, if there be a newspaper *in such district,* of an election or
special meeting to be held within the proposed district at a time
and place specified in such notice, upon the question of consolida-
tion. At such meeting, the electors, not less than twenty being
present, shall elect from their number a chairman and clerk who
shall be the officers of the meeting. The chairman shall appoint
two tellers and the meeting or election shall be conducted as are
regular annual school meetings. The vote at such election or meet-
ing shall be by ballot, which shall read 'For consolidation' or
'Against consolidation.' The officers of such meeting or election
shall within ten days certify the result of the vote to the superin-
tendent of the county in which such district mainly lies. If three-
fifths or more of the votes cast are for consolidation, the county
superintendent within ten days thereafter shall make a proper
order to give effect to such vote and shall thereafter transmit a
copy thereof to the auditor of each county in which any portion
*of each district affected lies,* to the clerk *of each district affected,*
and to the superintendent of public instruction."

It is the contention of appellant that the district affected was
the territory embraced within the proposed consolidated district,
that the elecors of that portion of St. Lawrence independent dis-
trict outside of the proposed district were not eligible to vote at
the meeting, and therefore that the votes cast at the meeting first
organized should be ignored, and that the result of the election
should be determined by the vote at the meeting last organized.

In this case there was only one district affected by the pro-
posed change, viz., the independent school district of St. Law-
rence township; but the whole of said district was affected. It is
idle to contend, as does appellant, that the only district affected
is the territory to be embraced within the proposed district. That
territory was not then a district. It was only a portion of a dis-
trict. It was a proposed district. Manifestly, the words of the
statute "in each district affected" refer to districts existing at the
time of the contemplated proceeding, and do not refer to a pro-
posed district or districts. It was the clear purport of the stat-
ute, as applied to this case, that all of the qualified electors of

St. Lawrence independent school district were eligible to vote on the question. The large majority thereof voted against the consolidated plan; therefore the action of the county superintendent and of the trial court should be approved.

It is further contended that the curative act (chapter 47, Laws Sp. Sess. 1920) cured any irregularities in the proceedings of the minority rump meeting, and therefore that because of the result of the vote at such meeting the county superintendent should have ordered the establishment of the consolidated district. Suffice it to say that we find in the curative act no legislative intent to change the meaning of the words "in each district affected."

The judgment appealed from is affirmed.

Note—Reported in 190 N. W. 77.   See (1) American Key-Numbered Digest, Appeal and Error, Key-No. 1071(6), 4 C. J. Sec. 3044, 2 R. C. L. 243; (2) Schools and School Districts, Key-No. 38, 35 Cyc. 839, 1921 Ann. to 35 Cyc. 839.