# IN RE APPEAL OF COMMON SCHOOL DISTRICTS NOS. 16, 45 AND 94, DAKOTA COUNTY.[1]

February 29, 1924.

No. 23,918.

**Enlargement of school district—territory affected by proceeding.**
 1. In section 2682, G. S. 1913, the words "territory affected" embraces the whole of the petitioning district to which lands are attached, and the whole of districts from which lands are detached.

**When territory is in different counties, proceeding must be in each.**
 2. When any part of such territory is located in different counties, proceedings must be had in each county.

From an order of the board of county commissioners of Dakota county detaching lands from certain school districts and attaching them to Joint School District No. 111-74, School Districts 16, 45 and 94 appealed to the district court for that county upon the grounds that the county board had no jurisdiction in the matter, that said board exceeded its jurisdiction, and that the action of the board was against the best interests of the territory affected. The appeal was heard by Johnson, J., who made findings and dismissed the appeal upon the merits. From an order denying their motion for amended findings and for a new trial, the appealing districts appealed. Reversed.

*Albert Schaller* and *George S. Grimes*, for appellants.
*George T. Simpson, W. H. & H. W. Gillitt*, for respondents.

WILSON, C. J.
School District No. 111-74 is situated partly in Dakota county and partly in Scott county, Minnesota. The officers of this school district, pursuant to chapter 236, p. 232, Laws 1919, filed with the board of county commissioners of Dakota county, the verified petition of said district, asking, among other things, to have certain lands therein described and lying wholly in Dakota county, set off

[1]Reported in 197 N. W. 742.

from School Districts Nos. 16, 45 and 94, and made a part of the petitioning district. The petition says the granting of the petition would enable the petitioning district to qualify as a consolidated school.

A hearing was duly had by the board of county commissioners of Dakota county; all parties appeared, and the prayer of the petition was granted.

School Districts 16, 45 and 94 appealed to the district court, and, after trial, an order was filed adversely to the appellants, and from that order the appellants have appealed to this court, after their motion for amended findings was denied.

In the back of respondent's brief will be found a blue print map showing the boundary lines of the petitioning district, the county line, the lands sought which are shaded, and the lands added by the court which are double shaded. The practice of counsel in this respect is commendable.

At the very threshold of this case we are met with the inquiry as to whether the petition conferred jurisdiction on the county board.

The appellants contend that the language in chapter 236, p. 232, Laws 1919: "The school board * * * may petition the county commissioners of the county in which such district is located" etc., must be construed and read as if it said the petition must be addressed to the county commissioners of the counties "in which such district is located." This was not done in this case as no application was made to the county board of Scott county, although a portion of the petitioning district is located in that county and a portion of District No. 16 is also located in that county. This statute is supplementary to section 2677, G. S. 1913. Section 2682, G. S. 1913, reads: "Whenever the territory affected by any of the foregoing proceedings lies in two or more counties, like proceedings shall be had in each county affected, and no order in such proceedings shall be valid unless concurred in by the county boards of all such counties." The fact that this statute was repealed by chapter 151, p. 172, Laws 1923, is not material as such rights as were acquired under it by the filing of the petition continued until the determination of these proceedings.

We must therefore construe the words "territory affected" as contained in section 2682. If the petitioning district is a part of the "territory affected," then that part thereof which lies in Scott county is a part of the "territory affected" and section 2682 is applicable and the failure to make application to the county board of Scott county is fatal.

If we construe the word "affect", as it is sometimes used, in the sense of acting injuriously upon persons and things (2 C. J. 312; 1 Words & Phrases, 239), we would, if only the petitioning district extended into Scott county, be led to an affirmance. It seems, however, that we cannot so construe this word. The "territory affected" in such proceeding has heretofore been practically construed as embracing the whole of the district to which lands are attached and the whole of the district from which lands are detached. School Dist. No. 36 v. School Dist. No. 31, 134 Minn. 82, 158 N. W. 729. It is here claimed as it was in the case just cited, that the act of the board was a benefit to the lands in Scott county as the taxable property and the number of the pupils in its district were increased. This line of argument was rejected in School Dist. No. 36 v. School Dist. No. 31, 134 Minn. 82, 158 N. W. 729. This argument is based upon the recognized fact that the land in Scott county is "affected," but not injuriously. Clearly this land in Scott county is affected in the ordinary use of the word. The proceeding acts upon it. It operates on it. The acts concern it. It is impressed by the decision. It may be promoted by it. We think it is "affected" by it. The land located in Scott county, which is a part of District No. 16, is affected in the same way. Moreover, this land is injuriously affected in this, that a part of District No. 16 is detached and taken away. This would apparently increase the burden on all land remaining in the district.

Because of a failure to petition the county board of Scott county, these proceedings must fall.

The order of the trial court is reversed.