COMMON SCHOOL DISTRICT NO. 102 OF DAKOTA COUNTY
v. CONSOLIDATED SCHOOL DISTRICT NO. 111—74
OF DAKOTA AND SCOTT COUNTIES.[1]

January 21, 1927.

No. 25,676.

**After statutory year order detaching territory from school district cannot be attacked collaterally.**

More than a year after the county board had detached certain lands from plaintiff district and attached the same to defendant, under the authority granted by G. S. 1923, § 2790, plaintiff brought this action to recover of defendant the school taxes levied against said land, paid to and expended by defendant. It is *held*:

(1) Section 2792, G. S. 1923, precludes the order from now being questioned.

(2) And, even if it does not, plaintiff failed to prove that the jurisdictional facts authorizing the order did not exist.

Schools and School Districts, 35 Cyc. p. 836 n. 98; p. 1029 n. 77 New.

Plaintiff appealed from an order of the district court for Dakota county, Schultz, J., denying its motion for a new trial. Affirmed.

*Albert Schaller* and *Grimes & Maxwell*, for appellant.

*Keyes, Pardee & Solether*, for respondent.

HOLT, J.

The appeal is from the order denying plaintiff a new trial.

Both parties are public school districts in Dakota county, defendant also embracing a part of Scott county. The suit is to recover the taxes derived from four eighties and eight platted lots in Dakota county which are claimed to be a part of plaintiff's territory and which taxes defendant wrongfully received.

Section 2790, G. S. 1923, pertaining to public school districts reads: "All districts shall be composed of adjoining territory, and any part of a district not so situated, and not containing a school

[1]Reported in 211 N. W. 960.

house used as such, shall be by the county board, upon notice as in other cases, attached to a proper district." The county board of Dakota county on its own motion gave due notice of a hearing to detach from plaintiff's territory the land mentioned, on the ground that it was entirely surrounded by defendant's territory and had no school house thereon. Upon said hearing an order was made dated September 26, 1922, reciting the existence of facts as above stated, detaching these four eighties and eight lots from plaintiff's territory and attaching the same to defendant's.

The theory of plaintiff at the trial was that if it proved the detached territory contiguous to any of that which it still retains there was no jurisdiction in the county board to act under the statute quoted and its order was a nullity. On the other hand, defendant took the position that the order could be attacked only by appeal or in a direct proceeding and not collaterally as now attempted. The applicable law is thus stated in 15 C. J. p. 472:

"Decisions, judgments, or orders of the county board, acting judicially in a proceeding in which they have jurisdiction, being as conclusive as the judgments of a court of record, cannot be collaterally attacked, and are reviewable only on appeal or other appropriate proceeding. Where, however, a board or court exceeds its jurisdiction and makes an order without authority, such order, being void, is subject to collateral attack:" Authorities are cited supporting the text.

Since we have reached the conclusion that there must be an affirmance for reasons hereinafter stated, it is deemed best not to enter the debatable proposition whether the board judicially determined the facts which gave it authority to act, or whether it merely performed a legislative function.

Section 2792, G. S. 1923, provides:

"Every school district which for one year shall have exercised the powers and franchises of a district shall be deemed legally organized."

The taxes here involved were levied by defendant upon these lands. They were received by it and have been duly expended for school

purposes, and more than two years thereafter this action is commenced to recover the same because levied on lands claimed by plaintiff to be part of its territory. In State ex rel. Childs v. School District No. 152, 54 Minn. 213, 55 N. W. 1122, some reasons are given why the due organization of a school district should not be open to question after the lapse of the limitation of time fixed by the section quoted, and the same reasons apply to the territorial limits of a school district. A school district cannot be organized and exist without territory. Stability in its existence is no more necessary than stability and certainty as to what territory is embraced within it. Taxes for school purposes must be levied upon all the lands composing its territory. No other district may levy on any part of such lands. At any rate, the order after the expiration of one year should not be open to collateral attack in a suit to recover taxes levied, received and expended by defendant more than a year before the suit was instituted.

But even granting that we are wrong in holding § 2792 applicable to changes of territory, we are clear that the proof here was not such as to compel or even authorize a finding that the four eighties and the lots from which came the taxes involved adjoined any of plaintiff's territory. The order is valid on its face, and the proceeding shows jurisdictional facts for detaching the lands. The following authorities might lead to the conclusion that in this action the order is not open to attack: State v. Honerud, 66 Minn. 32, 68 N. W. 323; Evens v. Anderson, 132 Minn. 59, 155 N. W. 1040; Hammer v. Narverud, 142 Minn. 199, 171 N. W. 770. At least the presumption of validity must be given the order, and the burden of clearly showing absence of facts authorizing it was on plaintiff. We appreciate that plaintiff labored under difficulties. The statute, G. S. 1923, § 2791, requires the county auditor to "keep in his office books containing a correct plat and description of each district organized, whether wholly or partly in his county." The present auditor testified that he did not consider the record in the office accurate or reliable. No plats are part of the settled case; there are some attached to exhibits certified to by the auditor in the

original files and returned to this court, also among them one pertaining to the case of Appeal of Common School Districts Nos. 16, 45 and 94, Dakota County, 158 Minn. 317, 197 N. W. 742. In said plats the four eighties and the platted lots herein involved are shown as entirely surrounded by the territory of defendant and no part thereof adjoins territory of plaintiff. True, from a record of the auditor, known as Book A, were introduced pages 102 and 111. Page 102 contains a description of the lands constituting the territory of plaintiff and the opposite page those thereafter detached. But page 111, said to give the description of defendant's territory, is not a part of the settled case. In this state of the record it certainly cannot be said that plaintiff has sustained the burden of proof.

That there is an appeal pending in the district court from the order of the county board of September 26, 1922, cannot affect this action.

The order is affirmed.