BRICELYN SCHOOL DISTRICT NO. 132, FARIBAULT COUNTY, AND OTHERS v. BOARD OF COUNTY COMMISSIONERS OF FARIBAULT COUNTY.
FROST INDEPENDENT SCHOOL DISTRICT NO. 131 AND OTHERS v. BOARD OF COUNTY COMMISSIONERS OF FARIBAULT COUNTY.[1]

November 14, 1952.

Nos. 35,630, 35,633.

AFTER REARGUMENT.

[1]Reported in 55 N. W. (2d) 602.

*Seifert, Krahmer & Johnson,* for appellants.

*Harold C. Lindgren,* County Attorney, *Donald J. Callaghan,* Assistant County Attorney, *Horan & Irvine,* and *Gallagher, Farrish & Sheran,* for respondent in No. 35,630.

*Harold C. Lindgren,* County Attorney, *Donald J. Callaghan,* Assistant County Attorney, *Putnam & Spencer,* and *Gallagher, Farrish & Sheran,* for respondent in No. 35,633.

PER CURIAM.

On June 18, 1952, we granted respondent's petitions for rehearing in the above entitled cases, opinions in which were filed April 10, 1952. The cases were argued together on the rehearing, which was limited to the following questions:

(1) Whether L. 1947, c. 421, as amended by L. 1949, c. 666, violates Minn. Const. art. 4, § 27.[2]

(2) Whether respondent is entitled to question the constitutionality thereof.

(3) What effect, if any, would the unconstitutionality of the reorganization provisions of L. 1947, c. 421, as amended by L. 1949, c. 666, have upon respondent's jurisdiction to form a new common or independent school district from lands located within a reorganized school district previously established thereunder.

None of these questions were considered in our original decisions because the constitutional question was presented for the first time by respondent's petitions for rehearing. Since we are of the opinion

---

[2] "No law shall embrace more than one subject, which shall be expressed in its title."

that question No. 2 must be answered in the negative, we do not reach the other questions.

Public officials having no personal or property interest which is being infringed by a statute may not question its constitutionality. State ex rel. Clinton Falls Nursery Co. v. County of Steele, 181 Minn. 427, 232 N. W. 737, 71 A. L. R. 1190, and cases cited. The rule is based largely upon governmental policy and rests upon the theory that the court should accept an act of the legislature as final and discourage attacks upon it except where necessary to protect the private interests of the individual who is asserting invalidity and who is peculiarly and particularly affected by the act.

County boards have only such powers as are delegated by the legislature. 2 Dunnell, Dig. § 2269. "Their authority is the command of the statute, and it is the limit of their power." State ex rel. Clinton Falls Nursery Co. v. County of Steele, 181 Minn. 427, 431, 232 N. W. 737, 738, 71 A. L. R. 1190. The only interest of the respondent county board affected by the constitutionality of the reorganization provisions of L. 1947, c. 421, as amended by L. 1949, c. 666, is its interest in the proper exercise of its official functions. No personal or property interest of the board or its members is claimed or shown to be affected.

In this connection it should be noted that in cases involving county board orders affecting school districts this court has held that the board does not have sufficient interest to appeal from a reversal of its order or to answer an appeal from its order.[3] Although the propriety of the county board's having answered the appeals is not in issue in the instant cases, these decisions, holding that the board does not even have an interest sufficient to be heard on appeal, support our conclusion that it does not have an interest sufficient to raise a constitutional question.

The rule that public officials may not attack the constitutionality of a statute has been applied most often in mandamus proceedings

[3]Kirchoff v. Board of Co. Commrs. 189 Minn. 226, 248 N. W. 817; Independent School Dist. No. 47 v. Meeker County, 143 Minn. 475, 175 N. W. 992. Contra: Moede v. County of Stearns, 43 Minn. 312, 45 N. W. 435.

where the official seeks to avoid performing a duty imposed by the statute.[4] The reasons for the rule, however, apply equally to the situation in the instant cases.

An exception to the rule is frequently made when the public interest is involved,[5] but there is no general public interest in determining the constitutionality of the provisions attacked here. The validity of reorganizations effected after April 23, 1951, does not depend upon those provisions of L. 1947, c. 421, as amended by L. 1949, c. 666, which respondent attacks here as unconstitutional, namely, those providing for the actual reorganization of the district.[6] On that date, the legislature enacted L. 1951, c. 706, under the title:

"An act relating to school districts and the organization, reorganization, consolidation and dissolution thereof; amending Minnesota Statutes 1949, Sections 122.19, 122.20, 122.21, 122.22, 122.26, 122.28, 122.52 and 122.55, Subdivisions 2 and 4, and adding new Subdivisions 5 and 6."

In State ex rel. Grozbach v. Common School Dist. No. 65, 237 Minn. 150, 54 N. W. (2d) 130, this court recently held that the title of L. 1951, c. 706, is broad enough to cover reorganization of school districts and that a district reorganized under that act was validly organized. As for districts reorganized before April 23, 1951, attacks upon the validity of their organization are now barred by M. S. A. 122.02, which provides:

"Every school district which for one year shall have exercised the powers and franchises of a school district shall be deemed legally organized."

---

[4]*E. g.* State ex rel. Clinton Falls Nursery Co. v. County of Steele, 181 Minn. 427, 232 N. W. 737, 71 A. L. R. 1190; see, 15 Minn. L. Rev. 340; Annotations, 30 A. L. R. 378, 129 A. L. R. 941.

[5]Loew v. Hagerle Brothers, 226 Minn. 485, 33 N. W. (2d) 598; see, State ex rel. Clinton Falls Nursery Co. v. County of Steele, 181 Minn. 427, 431, 232 N. W. 737, 738, 71 A. L. R. 1190.

[6]L. 1949, c. 666, § 8, now M. S. A. 1949, § 122.52.

This section establishes a conclusive presumption of law in the nature of a statute of limitation. State ex rel. Childs v. School Dist. No. 152, 54 Minn. 213, 55 N. W. 1122. See, also, Common School Dist. No. 102 v. School Dist. No. 111-74, 170 Minn. 32, 211 N. W. 960.

Since the validity of organization of districts reorganized before April 23, 1951, is no longer subject to attack, and since the statute under which reorganizations after that date are effected is valid, the two reorganized districts involved here are apparently the only districts whose organization might be invalidated by the unconstitutionality of the reorganization provisions of L. 1947, c. 421, as amended by L. 1949, c. 666. In our opinion the public interest in the validity of these two districts alone does not warrant our making an exception to the rule that public officials cannot question the constitutionality of a statute which infringes no personal or property interest of such officials.

Since respondent is not entitled to question the constitutionality of L. 1947, c. 421, as amended by L. 1949, c. 666, it follows that our original decisions in these cases must stand.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of these cases on rehearing.