295 P.2d 695 (1956)
Matter of the Order of the GOODING COUNTY COMMISSIONERS Concerning the Reorganization of Class B School District No. 232, Gooding County, Idaho, and Common School District No. 13, Gooding County, Idaho.
COMMON SCHOOL DISTRICT NO. 13, GOODING COUNTY, Idaho; Floid Peterson, Edward Bowman and Frank Orth, Trustees of said Common School District No. 13; Edward Bowman and Bette Bowman, husband and wife; Floid Peterson and Kathryn Peterson, husband and wife; C. D. Rydalch and Margaret Rydalch, husband and wife; and William Baughman and Jewel Baughman, husband and wife, Plaintiffs-Appellants,
v.
BOARD OF COUNTY COMMISSIONERS, GOODING COUNTY, Idaho, Defendant-Respondent.
No. 8291.
Supreme Court of Idaho.
March 28, 1956.
*696 James, Shaw & James, Gooding, Parry, Keenan, Robertson & Daly, Twin Falls, for appellants.
Cecil D. Hobdey, Gooding, for respondent.
KEETON, Justice.
Wendell School District No. 232 is a Class B School District located in Gooding County, and will hereinafter be referred to as the Wendell District. Common School District No. 13 of Gooding County is contiguous to and lies south of the Wendell District and will be hereinafter referred to as the Orchard Valley District.
At a special election held July 21, 1953, a plan to reorganize the Wendell District and Orchard Valley District into one school district was defeated. Thereafter a plan to combine portions of the Orchard Valley District with the Wendell District was submitted to the voters of the Wendell District and the voters within the portions of the Orchard Valley District proposed to be consolidated with the Wendell District, and carried. Voters living within the area of the Orchard Valley District not proposed by the plan to be consolidated with the Wendell District were prohibited from voting.
The Board of County Commissioners of Gooding County entered an order dated November 23, 1953, confirming the consolidation, effective immediately, which was approved by the State Board of Education. By the proceedings taken, four separate non-contiguous portions of the Orchard Valley District were made a part of a new school district to be known as Class A School District No. 232 of Gooding County, State of Idaho. From the order of the Board of County Commissioners the trustees of the Orchard Valley District, and certain taxpayers, residents of that District, appealed to the District Court. On January 8, 1954, trial was had before the court and thereafter judgment entered confirming the order of the Board of County Commissioners, subject to certain exceptions and changes hereinafter discussed.
By the judgment the trial Judge eliminated from the proposed district certain lands proposed to be consolidated with the Wendell District, and included certain other lands within the area to be annexed, and re-established the boundaries of the portion of the Orchard Valley District to be consolidated with the Wendell District.
Appellants set forth numerous assignments of error and respondent assigns certain designated "cross-assignments of error". Respondent contends that on the appeal from the order creating the new district the order calling the election, dated October 27, 1953, was not before the District Court and is not now before this Court for review, contending that no timely appeal was taken from the order calling the election; that the only matters to be considered by the District Court and this Court are the proceedings of the Board of County *697 Commissioners of November 23, 1953, creating the proposed new school district.
Section 33-519, I.C., a portion of the Reorganization of School Districts Act, provides for an appeal to the District Court from the order of the Board of County Commissioners.
The order of the Board of County Commissioners dated November 23, 1953, was the order attempting to create and establish the new school district comprising portions of the Orchard Valley District and all of the Wendell District. It was from this order that the aggrieved appellants appealed.
Such an appeal from the order of the Board of County Commissioners purporting to create and establish a new school district includes all proceedings leading up to the creation and establishment of such district. Until the new district was established by the County Commissioners, appellants were not aggrieved. On review of the order creating the new district such appeal encompasses the order calling the election (order of October 27, 1953). Therefore, in reviewing the proceedings from the order creating the new district the order calling the election may be reviewed as one of the interlocutory steps made prior to the time the final order of confirmation is entered.
It is the contention of appellants that the order of the Board of County Commissioners limiting the persons entitled to vote in the annexation proposal to persons residing within the area sought to be annexed to the Wendell District, and excluding the voters living in the portion not sought to be annexed, is not conformable to Sections 33-510 and 33-511, I.C., contending that when a part of the Orchard Valley District was sought to be cut off and consolidated with the Wendell District, all qualified voters living in the Orchard Valley District should have been permitted to vote. The parties admitted that had all such qualified voters been permitted to vote the proposal would have been defeated.
Section 33-510, I.C., provides that the Board of County Commissioners shall enter an order directing that the question of establishing the new proposed reorganization school district shall be submitted to the qualified voters of the territory or various territories affected thereby, and Section 33-511, I.C., provides that when a reorganization plan has been approved by the County Committee and the State Committee notice of the same shall be transmitted to the Board of County Commissioners. The Board shall then enter an order directing that the question of establishing such revised plan of reorganization shall be submitted to the voters of the territory or various territories affected thereby. It is the contention of appellants that all qualified voters residing in the Orchard Valley District are persons affected by the proposed plan.
Respondent contends that where, as here, a revised proposal of reorganization of school districts is submitted, only the qualified electors residing within the boundaries of the proposed new district are entitled to vote, thus limiting the qualified voters of the Orchard Valley District to those residing in the area sought to be consolidated and cites Section 33-511, I.C., as authority for the contention.
The part of the section cited to sustain respondent's contention provides:
"Within ten (10) days after receipt of such notice, the board of county commissioners shall enter an order directing that the question of establishing such revised plan of reorganization and adjustments shall be submitted to the voters of the territory or various territories affected thereby, and at the same time shall forthwith call and cause to be held, in the manner and for the purpose specified in section 33-510, a special election of the qualified voters residing within the boundaries of the proposed new district as revised; and if a majority of the qualified voters, as determined in the manner prescribed by section 33-510, are in favor of the formation of the proposed new district, the board of county commissioners shall by order establish such district and perform other necessary duties relating *698 thereto in like manner and with the same effect as is provided in section 33-510." (Emphasis supplied.)
Where a reorganization plan proposes to take away portions of an existing common school district, the remaining portions of such district are territory affected by such reorganization, and the qualified voters within those portions of the school district not sought to be annexed are entitled to vote upon such reorganization plan. "Territory affected" as used in the statute means the whole of the district from which a part is sought to be taken. This construction is supported by the following cases: Appeal of Common School Districts Nos. 16, 45 and 94, Dakota County, 158 Minn. 317, 197 N.W. 742; In re Dahlgren, 134 Minn. 82, 158 N.W. 729; State ex rel. Ice v. Welch, 46 S.D. 14, 190 N.W. 77; Cummings v. Drake, 164 Ga. 251, 138 S.E. 156.
If the rule were otherwise, valuable portions of a school district could be consolidated with a larger district leaving the dismembered district with insufficient revenue or taxable property to support the schools in the portions of the district not being consolidated with another district.
The reference in Section 33-511 to Section 33-510, I.C., presents an ambiguity, if not a conflict, and the two sections of the statute must be construed together, and even though the plan proposed be a revised plan all the qualified voters of the Orchard Valley District are entitled to vote on the proposal.
In the proposed plan of reorganization four non-contiguous portions of the Orchard Valley District were sought to be annexed to the Wendell District. In the west portion of the Orchard Valley District, a section and a half is sought to be consolidated, which is separated from eleven other sections of the Orchard Valley District lying west. The second portion sought to be consolidated, consisting of approximately four sections, takes certain parts of sections and leaves out other parts of the same sections. This portion is irregular in shape and extends further south than the first portion sought to be consolidated. The third portion consists of approximately five sections, irregular in shape, and the southern portion is connected with a part of a section lying further south by a shoe-string strip of land 20 feet wide. The fourth portion is irregular in shape and includes land lying on the east side of the Orchard Valley District, connected with a portion lying in the southern part of the Orchard Valley District by a strip of ground apparently 1,320 ft. wide. By this method of gerrymandering, the southeast section or sections of the Orchard Valley District are connected with other portions of the Orchard Valley District by a shoe-string strip of undeterminable width, lying on the south border of the Orchard Valley District. The school house of the Orchard Valley District is partially surrounded by territory sought to be consolidated with the Wendell District. The assessed value of the portion of the Orchard Valley District proposed to be reorganized with the Wendell District is the sum of $186,804.50.
One of the strips sought to be consolidated with the Wendell District divides a farm in the Orchard Valley District, leaving the dwelling house and improvements in one district and the farm land of the owner in the other. In the proposed plan certain parts of power lines and other taxable wealth located in the Orchard Valley District are gerrymandered so as to include the same in the plan of consolidation.
The area of the Orchard Valley District which was excluded from the proposed plan of reorganization is of the same type and character as the area sought to be consolidated.
It is admitted by the parties that the proposed plan sought to take in areas in the Orchard Valley District of voters favorable to the proposal and exclude territory in which the voters were opposed.
The following map shows the parts of the Orchard Valley District sought to be consolidated with the Wendell District.
*699 
This plan of reorganization cannot be upheld. As a general rule a school district must consist of compact and contiguous bodies of land and territory, and while a district may be created of any desired shape or plan, it cannot be gerry-mandered in a prejudicial manner or merely for the purpose of including the places of residence of persons desiring to be included and of excluding those of persons desiring to be left out. 78 C.J.S., Schools and School Districts, § 31 a, p. 686; 56 C.J. 208, Sec. 56 d, and cases collected note 33 and 48.
*700 In the review of the proceedings had before the Board of County Commissioners, the trial court may, among other things, determine questions of jurisdiction; compliance with the law; abuse of statutory power, and a redetermination upon any question of adjustment of property, debts and liabilities among the districts involved. Section 33-519, I.C.; Oian v. Independent Cons. School Dist. No. 16 of Fillmore County, 241 Minn. 454, 63 N.W.2d 543; Appeal of Common School Dists. Nos. 27, 20, 5 and 3 Faribault County, 232 Minn. 342, 45 N.W.2d 657; Huebert v. Keen, 190 Okl. 655, 127 P.2d 180.
The court cannot redefine or reestablish the boundaries of the district as prepared and voted on. If the territory of one school district is sought to be consolidated with another the boundaries of such proposed district are determined in the preliminary proceedings, and this function has by the Legislature been delegated to the County and State Committees. The boundaries were adjusted by the District Court and voters of the districts involved were never given an opportunity to vote on such change.
We conclude the powers of the trial court in re-examining the proceedings had and taken to create a new school district do not authorize the court to re-establish boundaries of the district not proposed in the plan submitted, approved and voted on.
The plan as initially proposed by certain residents of the Orchard Valley District and approved by the State Committee, the State Board of Education and the County Committee for the Reorganization of School Districts of Gooding County, is arbitrary and unreasonable and is not one contemplated or included in the Reorganization Act, Section 33-501, I.C. et seq.
The contention made by appellants that the Board of County Commissioners approved the plans submitted, called the election and canvassed the votes in determining the establishment of the new district at special meetings of which no notice was given as provided in Section 31-713, I.C., need not be discussed or decided.
Other contentions have been in substance covered by what has been said.
The judgment of the trial court is reversed with instructions to enter a decree that the reorganization plan is not conformable to law, and that all territory sought to be taken from the Orchard Valley District and consolidated with the Wendell District be returned to it, and the boundaries of the separate districts be reestablished as such boundaries existed prior to the order of consolidation; that the Board of County Commissioners by the decree be instructed to set its order of consolidation aside and dismiss the proceedings. Costs to appellants.
TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.