## G. D. SCHWEIGERT and Others v. L. W. ABBOTT.[1]

July 11, 1913.

Nos. 18,110—(163).

**Consolidation of school districts — appeal from order.**

1. An appeal from an order denying a new trial in proceedings for the consolidation of school districts under the provisions of chapter 207, Laws 1911, *held* to have been seasonably taken, since the order of the district court directing a dismissal of the appeal from the order of consolidation was not a final order.

**Statute constitutional.**

2. The statute above referred to *held* not unconstitutional, as an attempt to confer upon the courts questions of purely legislative character.

[1] Reported in 142 N. W. 723.

**Jurisdiction of district court — delegation of authority.**

3. While the formation and organization of school districts and the consolidation thereof under the statute cited, is legislative, the statute properly confers upon the court, by way of appeal, authority to determine questions affecting the jurisdiction of the officers charged with the duty of organization, and with the power to determine whether a particular consolidation of districts is arbitrary, and unreasonably injurious to the rights of those affected thereby.

**Petition for election jurisdictional.**

4. The petition for an election on the question of consolidation is jurisdictional, and must, to confer authority to call an election, be signed by the number of legal voters required by the statute, namely "at least twenty-five per cent."

**Same.**

5. A petition signed by less than the required number is ineffectual for any purpose, and confers no jurisdiction to call or hold the election.

**Estoppel.**

6. Those who oppose the consolidation are not estopped to question the validity of the same by participating in the election.

Appeal to the district court for Nobles county to declare certain proceedings for the formation of Consolidated School District No. 2 in that county void, and that School Districts Nos. 2, 3 and 4 be declared legally organized school districts, notwithstanding the proceedings for such consolidation. L. W. Abbott, county superintendent of schools, served an answer to the complaint of appellants. The appeal was heard before Nelson, J., who made findings and ordered judgment dismissing the appeal. From an order denying their motion for amended findings and for judgment in their favor or for a new trial, G. D. Schweigert and others appealed. Reversed and new trial granted.

*A. W. Tierney* and *Knox & Faber,* for appellants.
*E. H. Nicholas* and *J. A. Town,* for respondent.

BROWN, C. J.

Proceedings were duly commenced under the provisions of chapter 207, p. 268, Laws 1911, for the consolidation of certain school districts in Nobles county. A plat was prepared, and petitions circulated and signed by the property owners of the districts affected, and pre-

sented to the county superintendent of schools for his action, all of which he approved. An election was subsequently called, and the question of consolidation submitted to the voters of the several districts. The proposition was carried, and, within the time prescribed by law, appellants duly took an appeal to the district court, as authorized by the statute under which the proceedings were conducted. Pleadings were subsequently made up, appellants filing a complaint setting forth their objections to the proceedings, to which respondent answered. Upon the issues so framed, the matter came before the court for trial, at the conclusion of which, and upon findings of fact, the court directed the entry of judgment dismissing the appeal. The conclusions of the trial court were that the proceedings were in all things regular and in compliance with the statute under which they were conducted, and that the appeal was without merit. A stay of proceedings was granted, and appellants subsequently moved for amended findings of fact, or a new trial, and appealed from an order denying the same.

Before taking up the questions raised by appellants, we dispose of two points made by respondent. On the call of the calendar and again at the argument, respondent moved to dismiss the appeal to this court, on the ground that it was not taken within the time prescribed by law. Counsel for respondent also insist that the appeal to the district court from the order of consolidation was properly ordered dismissed by the lower court, for the reason that the statute authorizing and providing for the appeal is unconstitutional, as an attempt to confer upon the courts questions of purely legislative character, and therefore void.

1. The motion to dismiss the appeal to this court must be denied. Koochiching Co. v. Franson, 91 Minn. 404, 98 N. W. 98, and Brown v. County of Cook, 82 Minn. 54, 85 N. W. 550, relied upon in support of the motion are not in point. Section 3 of chapter 207, the statute in question, provides that an appeal may be taken from the order of consolidation, "as now provided by law in connection with the formation of other school districts." Section 1285, R. L. 1905, provides for such appeals in school district organizations, and that proceedings upon such appeal shall be had "as upon other appeals from the county board." Appeals from the county board are heard

and determined in the same manner as ordinary civil actions. Section 416, R. L. 1905. The appeal from the consolidation order took this course in the district court, pleadings were made up, as required by the statute just cited, and the trial was conducted as in actions at law. The appellants' motion for a new trial was denied, and the appeal to this court was from that order. There can be no serious question of the right to so apply for a new trial in proceedings under this statute, and unless respondent's contention, that the order of the court directing a dismissal of the appeal from the order of consolidation became final and free from attack by the lapse of the time fixed for an appeal therefrom, be sustained, the appeal from the order denying a new trial was within the time allowed therefor by law, and must be heard upon its merits. It is probable that an appeal from the order of the district court in proceedings of this kind is governed by subdivision 7, § 4365, R. L. 1905. Koochiching Co. v. Franson, supra. And whether the decision of the court be in the form of a final order or reduced to judgment, the appeal must be taken within 30 day.
But in this case the obstacle in the way of sustaining respondent's contention that the appeal from the order denying a new trial was not taken before the order disposing of the consolidation appeal became a finality, is found in the fact that no final order was made by the court; nor has any judgment been entered as directed. The only order made by the court was:

"That the respondent is entitled to judgment dismissing the appeal and for their costs and disbursements. Let judgment be entered accordingly."

This was clearly not intended by the court as a final order in the matter. The order is found in the conclusions of law, and can only be construed as a formal direction that final judgment be entered in harmony with such conclusion. But, since no judgment was ever entered, the respondent's contention is without foundation. We do not stop to consider the effect of the motion for a new trial as extending the time to appeal, had a final order been entered. The question is not presented.

2. The statute controlling the appeal, section 1285, R. L. 1905, names three grounds upon which the same may be taken, namely:

(1) that the county board had no jurisdiction; (2) that it exceeded its jurisdiction; (3) that its action was against the best interests of the territory affected. Section 3 of chapter 207, the statute here in question, expressly refers to section 1285, and provides that the appeal there provided for may be taken in proceedings under chapter 207. This must be construed to mean that, on an appeal under chapter 207, the appellant may be heard to insist that the officers charged with the conduct of the consolidation proceedings, including the calling of the election, had no jurisdiction, that they exceeded their jurisdiction, or that the consolidation was against the best interests of the territory affected.

The contention of respondent that the statute is unconstitutional as an attempt to confer legislative functions upon the courts of the state, when considered with reference to the last ground of appeal, namely, that the consolidation was against the best interests of the territory affected, is not without merit. Whether public interests require and justify the organization of municipal or quasi-municipal corporations, including school districts, is a matter purely for the legislature, and cannot be conferred upon the courts. State v. Simons, 32 Minn. 540, 21 N. W. 750. If such authority cannot be directly conferred upon the courts, as held in the case cited, it would seem that an indirect method of conferring such jurisdiction would be equally invalid. But the question is, we think, foreclosed by our decisions. The objection now made was not sustained in Oppegaard v. Board of Co. Commrs. of Renville County, 110 Minn. 300, 125 N. W. 504, and the question was considered and determined in Irons v. Independent School District, 119 Minn. 119, 123, 137 N. W. 303. The court will, however, in determining whether the best interests of the territory affected justify a particular consolidation, limit its inquiry to the question whether the proceedings were arbitrary, resulting in unnecessary injustice to those who complain. In short the court will be guided by the rule under which the organization of municipal corporations by county commissioners is set aside by the courts as arbitrary and unreasonable. State v. Village of Dover, 113 Minn. 452, 130 N. W. 74, 539; State v. Village of Alice, 112 Minn. 330, 127 N. W. 1118.

3. With respect to the other grounds of appeal, which go to the jurisdiction of the officers charged with the conduct of the consolidation proceedings, we discover no sufficient reason for doubting the power of the legislature to provide for an appeal to the courts upon such questions. Instead of organizing or consolidating the school districts by direct legislation, the legislature has seen fit and proper to confer the power upon the legal voters, to be exercised in the manner pointed out by the statute. Certain procedure is required, a compliance with which authorizes action by the school authorities. Evidently the legislature intended the statute to be complied with, and that the things required and steps taken, should be performed substantially as directed. And to prevent arbitrary action, and enforce a compliance with the statute, those aggrieved were granted an appeal to the court. This can only be construed as vesting in the courts jurisdiction to inquire into the regularity of the proceedings, in so far as steps taken or things done involved the authority of the officers to effect a consolidation of the school districts. The question whether there was, in a given case, a compliance with the requirements of the statute is one of law, and properly enough referred to the court for determination. In this respect we see no objection to the provision for appeal.

We therefore overrule respondent's objections to the validity of the statute, sustain the right of appeal to the courts as there conferred, and, without further discussion, come to the questions raised by appellants.

The statute in question provides for the consolidation of rural school districts, and the procedure by which that result may be brought about. The first step required is the presentation to the county superintendent of a plat showing the districts proposed to be consolidated, the location therein of the different school buildings, and the adjoining school districts. This plat, when satisfactory to the county superintendent, goes to the state superintendent for his approval. If approved by that officer, it is returned to the county superintendent, when petitions may be circulated asking for the consolidation. Upon the presentation of the petitions properly signed and verified, the county superintendent is required to call an election in the several

districts at which the voters may record their preferences. If the vote be favorable, the county superintendent issues an order of consolidation.

4. Appellants make several objections to the proceedings, which they contend are fatal to the validity of the order of consolidation. The first is that a sufficient plat was not prepared as required by the statute. The objection is not sustained. It may be conceded that the plat was not in strict conformity with the requirements of the statute, in that it did not disclose the school districts adjoining those to be consolidated. It was, however, accepted and approved by the county and state superintendents, and was made the basis of all subsequent proceedings. But we regard this defect in the plat as an irregularity not going to the jurisdiction of the proceeding. The same may be said of the objection to the petitions. The statute provides for the signing of a petition by the voters of the districts to be affected. Instead of circulating one petition, three were circulated, one in each district. We think the statute was sufficiently complied with in this respect.

5. This brings us to the only serious question in the case, namely: The sufficiency of one of the petitions made the basis of the proceeding. The statute provides that after the approval of the plat, and upon the presentation to the county superintendent of a petition signed and acknowledged "by at least twenty-five (25) per cent of the resident freeholders of each district," that officer shall give notice of an election to be held in each district. Three districts were involved in this consolidation, in one of which the court found that less than twenty-five per cent of the legal voters signed the petition representing that district. The requisite per cent of voters signed the petitions in the other districts. It is insisted that this defect deprived the proceeding of the necessary jurisdiction, and that the trial court erred in holding to the contrary. We have given the matter careful attention in connection with the argument and points made by respondent's counsel, and conclude that the objection cannot be disposed of as an irregularity.

By this statute the legislature committed directly to the people the question of consolidating adjoining school districts, conferring upon

them an exercise of the power upon compliance with the conditions named in the law. It was not intended that the people should have a free hand in the matter, or that their proceedings under the law should be immune from attack. But, to the end that the rights of all persons affected might be safeguarded and protected, certain forms of procedure are required, which the legislature evidently intended should be substantially observed and complied with. This is made clear by the provision for an appeal to the court. It was not, however, intended or expected that the courts would, on such appeal, hold fatal all informalities or defects; on the contrary, the statute should be construed as vesting in the court jurisdiction to determine whether any essential jurisdictional requirement had been omitted or exceeded. So that, however informal may be the proceeding and the steps taken therein, the result thereof must be held valid, unless some essential jurisdictional step was omitted. The statute is explicit that "at least twenty-five per cent" of the voters of each district shall sign and acknowledge the petition. It is obvious that a properly signed petition is the important step in these proceedings; all matters preceding it are mere details. The proceeding is one conducted in the interests of and by legal voters, and the petition under which the election is held, furnishes them the first opportunity of expressing their views upon the question of consolidation. The voters, as such, have no part in the preparation of the plat, but they do have a part in the presentation of a proper petition, and without one, properly signed, no election can be called. The petition serves the same purpose as in county-seat removals and is jurisdictional. The one referred to did not contain the names of the required number of legal voters, and this fact rendered it wholly ineffectual for any purpose. It was not sufficient to justify the county superintendent in calling the election, and the election called thereunder was not the election authorized by the statute. The statute is mandatory, and its requirement that the petition be signed by the per cent of the voters stated cannot be dispensed with by the courts. Dartmouth Sav. Bank v. School Districts, 6 Dak. 332, 43 N. W. 822; Carrica v. People, 123 Ill. 198, 14 N. E. 66; Garber v. Board of Co. Commrs. of Wright County, 89

Minn. 351, 94 N. W. 886; Cassidy v. Smith, 13 Minn. 122 (129); Meyer v. Town of Petersburg, 99 Minn. 450, 109 N. W. 840.

The contention of respondent that the petition in question in fact contained the necessary number of signers, as shown by the record, as he interprets the evidence, cannot be sustained, for the findings of the court to the contrary control the question in this court. Nor do we find anything in the record to justify the conclusion that appellants are estopped, by waiver or otherwise, from raising the question. While it is true that they participated in the election, they had the right to do so, and cannot be held to have acquiesced in the validity of the election by so doing. The case of Currie v. Paulson, 43 Minn. 411, 413, 45 N. W. 854, cited by respondent, is not here in point. That was a county-seat contest and the statute under which it was conducted did not, as does the statute here before the court, provide for any appeal to the courts.

6. Though the result may inconvenience matters in the conduct of the consolidated school, it in no way invalidates contracts heretofore made and acted upon. The consolidated district, since the order of consolidation, has been a de facto corporation, and the official acts of the officers thereof valid and binding. The electors may proceed with new petitions, under the rule laid down in Gile v. Stegner, 92 Minn. 429, 100 N. W. 101, and the county superintendent would be justified thereunder in calling a new election. Of course if, as suggested by respondent, the petition in question was in fact signed by the requisite number of voters, a new election will be unnecessary; the fact being established on a new trial, if that course is pursued.

Order reversed and new trial granted.

On August 29, 1913, the following order was filed:

PER CURIAM.

Costs and disbursements were taxed against respondent, the county superintendent of schools, and he appeals, contending that he is not liable therefor. In this we concur.

Section 1285, R. L. 1905, controlling appeals in proceedings of

this kind, does not require the county superintendent to be made a party thereto. The notice of appeal is served upon the county auditor, and the bond is payable to and is approved by him. The county superintendent is not required to be served with either the notice or the bond, or otherwise informed of the appeal. It is doubtful whether he is properly a party to the proceedings subsequent to making the final order of consolidation. In any event, it seems clear that he is not liable for the costs and disbursements incurred in defending the appeal. His only authority in the consolidation proceedings is in a representative capacity, acting for the state, discharging duties imposed by law, and, if a proper party to an appeal, involuntarily so, and the case comes within the general rule that, in the absence of express statute to the contrary, public officials acting in such capacity and performing duties expressly imposed by law are not personally liable for costs and disbursements. 5 Enc. Pl. & Prac. 152. Bartles Oil Co. v. Lynch, 109 Minn. 491, 124 N. W. 1, is not in point. In that case the state oil inspector threatened proceedings to bar the oil company from transacting business in the state, and was about to take affirmative steps to accomplish that end, when he was, at the suit of the oil company, restrained. Similar facts do not appear in the case at bar. We therefore hold that the county superintendent is not personally liable for the costs in proceedings of this kind.

The clerk's taxation is set aside.