OTTO PEIPER and Others v. COUNTY SUPERINTENDENT OF CHIPPEWA COUNTY SCHOOLS and Others.[1]

June 11, 1915.

Nos. 19,329—(217).

**Consolidation of school districts — petition for election.**

To authorize a county superintendent of schools to call an election to consolidate school districts, the petitions for consolidation must state the location of the districts in the customary way, viz., by naming the county and state wherein they are situated.

Otto Peiper and other resident freeholders appealed to the district court for Chippewa county from the action of the county superintendent of schools of Chippewa county in ordering the consolidation of common school districts Nos. 30, 41, 71 and 73 in that county. The appeal was heard before Qvale, J., who found that the county superintendent acquired no right or jurisdiction to order the consolidation, and ordered judgment quashing the order of consolidation. From the judgment entered pursuant to the order for judgment, the county superintendent of schools and others appealed. Affirmed.

*Alva R. Hunt,* for appellants.

*Peterson & McCargar* and *J. O. Haugland,* for respondents.

HOLT, J.

Respondents appealed to the district court from an order of the county superintendent of schools of Chippewa county, consolidating four common school districts. The district court held the proceed-

[1] Reported in 153 N. W. 112.

ings of consolidation fatally defective, and entered judgment quashing the order of the county superintendent. This appeal is from the judgment.

From start to finish omissions and defects are here found in the many papers or documents required in effecting a consolidation of common school districts. We appreciate that in proceedings of this nature the formal steps are taken and the necessary writings made out by laymen of limited experience and meager knowledge of the applicable statutes. Therefore many irregularities should be overlooked if the substance can be made out without sacrificing due regard for orderly procedure. Where, however, a defect appears on the face of nearly every paper, the court should hesitate to supply omissions to a document of vital importance because of the danger of holding a mere semblance a compliance with statutory requirements. The record must affirmatively disclose authority in the county superintendent to order a consolidation upon the result of an election legally called and held. The proceedings herein were under chapter 207, p. 268, Laws 1911 (section 2686, et seq., G. S. 1913). The first step is the submission of a plat, containing certain information, by the county superintendent of schools to the state superintendent of public instruction for his approval. If the state superintendent approves, he shall so certify to the county superintendent. The plat in question was more defective than the one in Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723. It was sent to the state superintendent and his approval indorsed. It was not returned to the county superintendent, nor was a certificate of approval to be found in the records of the latter's office, nor a copy of the plat. In this situation the petitions were circulated, one petition in each of the four districts. Notices of election were posted and published. These were not exactly alike. The voters of one district did not participate in the election at all, apparently, because of some misinformation as to their legal right to vote upon the proposition. The order of consolidation by the county superintendent was not the same as the certified copy required to be filed with the county auditor, which copy located the districts in no county or state. And no copy of the order was served upon any clerk of the school districts affected.

We shall go into but one of the defects. It may however be conceded for the purposes of this decision, that the defect in the plat is not fatal under Schweigert v. Abbott, supra, and that omissions and irregularities subsequent to making the order of consolidation do not warrant a judgment quashing the order. The ground upon which we place our decision is, that the petitions for the calling of an election are so defective that no election should have been held. When the county superintendent received the same there were no records in her office relating to the contemplated consolidation which could aid or supply the defects in the petitions. The petitions are upon blanks, evidently, prepared by the state superintendent for use all over the state. On the face of these blanks were left spaces for the insertion of the name of the district, county and state. These spaces were intended to be filled in before signatures were appended. Nothing was ever filled in except the numbers of the districts; the county and state being entirely blank, except as to the petition from one district which requests the county superintendent of "Chippewa county" to call an election, but even in that petition the districts are located in no state or county. The only place where the name of the county, or state, appears is in the venue of the acknowledgments found upon the back of the petitions. Valid petitions are jurisdictional. And we think a legal petition should locate the districts affected by the usual reference to state and county. The defect in the petitions, in not designating the county or state wherein the school districts are found, not being aided by any other matters of record in the proceedings, but rather made more glaring by the many other irregularities and omissions therein, justified the trial court, in our opinion, in concluding that the county superintendent was without jurisdiction to make the order of consolidation.

Judgment affirmed.