## IN THE MATTER OF THE APPEAL FROM THE ORDER OF THE COUNTY BOARD OF MEEKER COUNTY MADE AUGUST 9, 1916, ORGANIZING SCHOOL DISTRICT NO. 58.

### INDEPENDENT SCHOOL DISTRICT NO. 47 OF MEEKER COUNTY AND OTHERS v. MEEKER COUNTY.[1]

January 30, 1920.

No. 21,266.

**Judgment for costs against defendant county vacated.**

Motion to set aside judgment for costs against defendant county entered without notice. *Held*: The county board did not subject themselves or the county to costs by granting the petition to form a school district, nor could petitioners or the consolidated school district by certiorari or by appeal subject the county to a judgment for costs. After the petitioners appealed to the district court, the county attorney had no authority to answer in its behalf. The motion should be granted on the authority of Schweigert v. Abbott, 122 Minn. 385, 391, 142 N. W. 723 [Reporter].

The motion of Meeker county for an order vacating the judgment for costs entered and docketed in the office of the clerk of the supreme court, insofar as it imposed a money liability on the county, because (1) it was unauthorized, (2) because the county did not appear or take any part in the litigation, but the same was carried forward by consent between Independent School District No. 47 and petitioners, and (3) because the costs and disbursements were improperly taxed and included in the judgment without notice to or the knowledge of said county, and Meeker county had no opportunity to object to or oppose such taxation of costs or entry of judgment, was granted.

*Raymond H. Dart*, County Attorney, for Meeker County.

*J. M. Freeman* and *T. O. Gilbert*, for the Independent School District.

[1] Reported in 175 N. W. 992.

PER CURIAM.

On application to set aside the judgment for costs against the county of Meeker.

As appears from the records in the case, page 169 supra, 173 N. W. 850, certain persons petitioned the county board of Meeker county for a school district to be carved out of a consolidated district. The petition was granted. The officers of the consolidated district appealed to the district court, and there presented a formal complaint, naming themselves individually, and as officers of the district, appellants, and the county of Meeker as respondent. An answer was served and signed by the county attorney, and underneath his signature two other attorneys appended their names as "attorneys for the petitioners herein." The latter attorneys tried the appeal, but the county attorney was present and gave testimony. The district court reversed the action of the county board, and, in the appeal to this court, the only appellant named was the county. The notice of appeal and the brief in behalf of the appellant purports to be signed by the same attorneys who signed the answer.

The county attorney claims that there was an informal talk and understanding when the case came before the court below that the county was not interested in the controversy, but that it would have to be carried forward by the officers of the consolidated district on the one hand and the petitioners on the other; that pursuant to such understanding the attorneys who signed the answer in behalf of the petitioners took charge of the case, and took all the steps in the appeal to this court, and, if the county attorney's name appears upon any of the papers thereafter served, he did not sign, but assumes that the petitioners' attorneys appended his name out of courtesy. The respondents in this court deny the understanding claimed by the county attorney, and assert that the two attorneys referred to appeared for the county as well as for the petitioners; that they so understood, and, for that reason, did not demand a bond for costs, the county being permitted to appeal without giving such bond.

The county board, in determining the controversy, did not subject themselves or the county to costs, nor could the petitioners or the consolidated school district by certiorari or appeal have exposed the county to the danger of being subjected to a judgment for costs therein. The county was not interested in the appeal either to the district court or to this court. It was under no obligation or legal duty to appeal, and the county attorney had no authority to answer in its behalf after the appellants appealed from the order of the county board, and, in disregard of good practice, made the county instead of the petitioners the respondent in the appeal to the district court. We think the application now made to vacate the judgment of costs, entered against the county without notice served on the county attorney,

should be granted on the authority of Schweigert v. Abbott, 122 Minn. 383, 391, 142 N. W. 723, where the clerk's taxation of costs was vacated against a county superintendent who had been made a party to the litigation when the law and proper procedure did not require him to be a party thereto. The judgment for costs entered in this court is vacated and set aside.