IN RE ORDER OF SUPERINTENDENT OF SCHOOLS,
NOBLES COUNTY.
IVAN E. PETERSON AND ANOTHER v. JOINT
INDEPENDENT CONSOLIDATED SCHOOL DISTRICT
NO. 116 OF NOBLES COUNTY AND NO. 136 OF
JACKSON COUNTY AND OTHERS.[1]

May 1, 1953.

No. 35,940.

---

[1]Reported in 58 N. W. (2d) 465.

234

*Johnson & Johnson,* for appellants.

*Brecht & Hedeen* and *Raymond E. Mork,* for respondents.

DELL, JUSTICE.

Pursuant to M. S. A. 122.18 to 122.27, the county superintendent of schools of Nobles county, Minnesota, on December 20, 1951, made and entered an order consolidating into a school district to be known as "Joint Independent Consolidated School District No. 116 of Nobles County and No. 136 of Jackson County, Minnesota" the former school districts of Nobles and Jackson counties known and classified as Common School Districts Nos. 2, 53, 85, 111 and

Sections 27, 33, and 34 of District 31 of Nobles county, Common School Districts Nos. 86, 101, and 126 of Jackson county, and Independent School District No. 10 Joint of Nobles county and Jackson county, Minnesota.

From this order of consolidation an appeal was taken pursuant to § 122.32 to the district court of Nobles county. The district court made findings affirming the order of consolidation and directed the entry of judgment dismissing the appeal. Judgment was entered on May 27, 1952, and the matter before us is an appeal from the judgment.

Respondents contend that the appeal must be dismissed. It is their claim that the notice of appeal to this court was not served upon the adverse parties as required by § 605.03. The notice of appeal was served upon Raymond E. Mork, county attorney of Nobles county, who appeared for Blanda Weitgenant, county superintendent of schools of Nobles county, in the trial below and upon the firm of Brecht & Hedeen, who appeared as attorneys for "Joint Independent Consolidated School District No. 116 of Nobles County and No. 136 of Jackson County, Minnesota," in the trial below. Notice of appeal was also served upon the clerk of the district court of Nobles county. No other service was made although among the respondents selected and named by the appellants was the board of county commissioners of Nobles county and School District No. 10 Joint of Nobles and Jackson counties.

We have expressly held that neither the county nor the county superintendent of schools is a proper or necessary party in an appeal under §§ 122.18 to 122.27.[2] We have also held that, for reasons of public policy and to preserve the rights of the parties to such proceedings in *status quo* until there has been a final determination, an appeal from an order consolidating school districts suspends the operation of the order during the pendency of the appeal.[3]

---

[2]Schweigert v. Abbott, 122 Minn. 383, 391, 142 N. W. 723, 928; Independent School Dist. No. 47 v. Meeker County, 143 Minn. 475, 175 N. W. 992.

[3]In re Consolidation of School Dist. No. 30 v. Consolidated School Dist. No. 30, 151 Minn. 52, 58, 185 N. W. 961, 964.

■ The adverse party within the intent of § 605.03 means the party whose interest in relation to the subject of the appeal is in direct conflict with a reversal or modification of the order or judgment from which the appeal is taken. Where the order or judgment appealed from is indivisible and must be affirmed, reversed, or modified as to all parties to the action or proceeding, the appeal must be dismissed if they are not all made parties to the appeal. While an appeal is the continuation of the original action or proceeding in another jurisdiction, it is also analogous in many respects to a writ of error, which is regarded as the beginning of a new action. The parties to the record in the lower court are not always necessary parties to the appeal, nor are those who were not parties to the record, as originally made, to be overlooked in prosecuting an appeal.[4]

■ We hold that the adverse parties to this appeal are the petitioners who petitioned for the consolidation of the school districts and the school districts which under the order of the county superintendent of schools of Nobles county were consolidated into the new school district to be known as "Joint Independent Consolidated School District No. 116 of Nobles County and No. 136 of Jackson County, Minnesota." They are the parties whose interest in relation to the subject of the appeal is in direct conflict with a reversal or modification of the judgment from which the appeal was taken. From what has been said it follows that the notice of appeal was not served upon the adverse parties as required by § 605.03.

■ We recognize that to require an appellant, in an appeal under the statutes here involved, to personally serve each petitioner who signed the petition for the consolidation of the school districts and to also personally serve the school districts which under the order of the county superintendent are consolidated into a new school district would place an unreasonable burden upon the appellant.

---

[4]Kells v. Nelson-Tenney Lbr. Co. 74 Minn. 8, 76 N. W. 790; In re Sale of Land to Prudential Ins. Co. 238 Minn. 497, 57 N. W. (2d) 245; 1 Dunnell, Dig. (3 ed.) § 320.

It is a matter of common knowledge that usually the petitioners reside over a wide area and that frequently many of them make no formal appearance beyond the signing of the petition and are not subsequently represented by counsel. We should not hold that such a laborious and burdensome procedure is essential in order to perfect an appeal unless the legislature clearly intended that it should be. The construction of a statute must not only be reasonable but it must be practical. It is our duty, when reasonably possible, to so interpret a statute as to make it workable. 6 Dunnell, Dig. & Supp. § 8939. A construction which would result in inconvenience is to be avoided if the language used will reasonably permit any other construction. 6 Dunnell, Dig. & Supp. § 8947.

M. S. A. 122.21, subd. 6, provides:

"After the formation of any consolidated school district, appeal may be taken as now provided by law in connection with the formation of other school districts."

Under this statute we hold that appeals to the district court are governed by § 122.32. This section provides that any school district officer or any other person may appeal to the district court by serving a notice of appeal upon the county auditor within 30 days from the making of the order.[5] Notice need not be served on any party other than the county auditor. Service on the county

[5]In Opinions Attorney General, No. 166-F-1, November 15, 1948, the attorney general ruled that an appeal from the action of the county superintendent of schools under M. S. A. 122.21 and 122.22 relating to the consolidation of school districts must follow the procedure prescribed by § 122.32. Thereafter the legislature, by L. 1951, c. 706, § 3, re-enacted verbatim the statute governing appeals to the district court as it existed and was construed by the opinion of the attorney general on November 15, 1948. This indicates legislative approval of the construction placed upon the statute by the attorney general governing appeals to the district court under §§ 122.21 to 122.27.

"* * * Where a statute has received a known, settled construction we have said that upon reënactment the legislature must be presumed to have adopted and that the reënacted statute should receive the prior construction." Christgau v. Woodlawn Cemetery Assn. 208 Minn. 263, 273, 293 N. W. 619, 623.

auditor gives the district court complete jurisdiction of the proceeding and of all adverse parties. In the proceeding now before us, in appealing from the order of consolidation to the district court of Nobles county, the appellants rightfully followed the procedure prescribed by this statute.

■ Nothing in the statutes indicates any intention on the part of the legislature to require a greater or more burdensome procedure for an appeal to this court than exists where an appeal is taken from the order of consolidation to the district court. Since the statutes are silent as to whom notice of appeal should be served upon in order to give this court jurisdiction except for § 605.03, we conclude that it was the intention of the legislature that in appeals under §§ 122.18 to 122.27 the notice of appeal to this court should be served upon the county auditor of the county wherein the proceedings are pending and from which the appeal was taken and that service upon him constitutes service upon all adverse parties without any other act or formality. Such service, together with service of the notice of appeal upon the clerk of the district court with whom the order or judgment appealed from is entered, gives this court complete jurisdiction of all adverse parties under § 605.03 and is all that is required. The construction which we here place upon the statutes gives effect to the intent of the legislature to simplify as far as reasonably practicable consolidation proceedings under the statutes here involved. Service upon the county auditor for and on behalf of all adverse parties under § 605.03 furnishes a convenient, adequate, and reasonable plan of procedure for all interested parties. Since the notice of appeal to this court was not served upon the county auditor of the county wherein the proceedings were pending and from which the appeal was taken, as we here hold was required, the appeal was ineffective and must be dismissed.

Appellants rely upon the case of Davis v. Swedish-American Nat. Bank, 78 Minn. 408, 80 N. W. 953, 81 N. W. 210, in support of their claim that the notice of appeal was properly served upon the adverse parties. The case is not in point. That case involved an ap-

peal from an order disallowing compensation to the assignee and his attorneys for services rendered. The proceeding before the court was an assignment for the benefit of creditors. In the case before us now, there is a statute which we hold designated the county auditor as the proper party upon whom notice of appeal should be served in order to give this court jurisdiction of the proceeding and of the adverse parties. In the Davis case, there was no such statute. Furthermore, in the Davis case, notice of appeal was served upon the adverse parties who appeared in the court below and who this court held were proper adverse parties on the appeal and had implied authority to appear for all of the creditors who were the remaining adverse parties on the appeal. Here, none of the adverse parties were served nor can it be held that any of the parties who were served with notice of appeal to this court had any authority, either express or implied, to act or appear for any of the adverse parties to this appeal.

■ Since we have reached the conclusion that the appeal must be dismissed, we purposely refrain from a detailed discussion of the merits of the appeal. To do so would be to indulge in obiter dictum. However, since the interests of the ·public are involved and because there has been justifiable confusion as to the proper party upon whom notice of appeal should be served in order to give this court jurisdiction, we have made a careful examination of the record, the briefs, appellants' assignments of error, and the merits of this appeal. We have reached the conclusion that, had this appeal been here on the merits, we would have been compelled to affirm the judgment. There were irregularities in the proceedings— irregularities which, with a little care on the part of those charged with the responsibility of conducting the proceedings, could have been avoided. However, we have concluded, as did the trial court, that the irregularities and discrepancies in the proceedings were not prejudicial nor jurisdictional. The rule governing that situation is stated in the case of Schweigert v. Abbott, 122 Minn. 383, 390, 142 N. W. 723, 725, as follows:

"* * * It was not, however, intended or expected that the courts would, on such appeal, hold fatal all informalities or defects; on the contrary, the statute should be construed as vesting in the court jurisdiction to determine whether any essential jurisdictional requirement had been omitted or exceeded. So that, however informal may be the proceeding and the steps taken therein, the result thereof must be held valid, unless some essential jurisdictional step was omitted."

See, also, In re Common School Districts, Lyon and Yellow Medicine Counties, 231 Minn. 40, 42 N. W. (2d) 393.

Appellants frankly concede that the only case they have found upon which they can rely on this appeal is Peiper v. County Superintendent, 130 Minn. 54, 153 N. W. 112. This court held in that case that the trial court was justified in concluding that the county superintendent of schools was without jurisdiction to make the order of consolidation because the petitions calling for the election were so defective that no election should have been held. The petitions gave the numbers of the school districts but failed to state either the county or the state in which the proceedings were pending. It was held that nothing in the proceedings aided or cured the defects in the petition. We have no such situation in the matter pending before us on this appeal.

In the Peiper case, however, this court correctly stated the general rule as follows (130 Minn. 55, 153 N. W. 112):

"* * * We appreciate that in proceedings of this nature the formal steps are taken and the necessary writings made out by laymen of limited experience and meager knowledge of the applicable statutes. Therefore many irregularities should be overlooked if the substance can be made out without sacrificing due regard for orderly procedure."

In view of what has been said the appeal must be dismissed.
Appeal dismissed.