## PAUL HANCOCK v. MELVIN LEWIS.

122 N. W. (2d) 592.

June 12, 1963—No. 39,101.

*Harry Holmes* and *Rockne & Rockne,* for appellant.
*Clarence H. Schlehuber* and *West & Gowan,* for respondent.

NELSON, JUSTICE.

Action commenced in the District Court of Goodhue County through the filing of a notice of election contest on April 4, 1963, by contestant, Paul Hancock, a duly qualified elector of the village of Pine Island, against Melvin Lewis, clerk of the village, as contestee.

The contest involves a special election held in Pine Island on March 26, 1963, to determine whether the village should issue bonds for the purpose of constructing a nursing home. The notice alleged that the village clerk issued 21 absentee ballots for the election without proper application having been made therefor; that the judges of election received and counted 19 absentee ballots which had not been returned in envelopes on which identifying voters' certificates were printed as specified in Minn. St. 207.08; that 9 of the absentee ballots received and counted by the judges of election were not identifiable in any way as to the name of the voter casting the same; and that 2 ballots were taken from the polling place, marked, returned to the polling place, and thereafter received and counted by the judges of election. The notice also contains an allegation that the judges of election left the polling place at various intervals during the period when the polls remained open for voting.

Approximately 550 votes were cast and the affirmative votes exceeded the negative votes on the proposition being voted by a margin of 5 votes.

Contestant alleged as the basis for his contest:

"That contestant believes that the irregularities cited in paragraphs III, IV, V, VI and VII herein constitute serious irregularities depriving the qualified electors of Pine Island Village of a fair opportunity to vote at said election and that said election should be held invalid and the results nullified."

The contestee's answer to the notice of contest alleged the following defenses: That contestant is not a proper person to commence such action and does not have standing to prosecute it; that the court lacks jurisdiction over the subject matter set forth in the petition; that the notice fails to state a cause of action against contestee upon which relief

can be granted; and that the relief prayed for by the contestant is beyond the power of the court to grant.

Contestee appeared specially for the purpose of challenging the jurisdiction of the trial court and moved to dismiss the proceedings. He urged that the notice of election contest failed to state a claim upon which relief could be granted; that the court lacked jurisdiction over the subject matter involved because the notice failed to allege affirmatively any errors occurring which would, in fact, affect the election result and therefore did not comply with the statutes relating to election contests; that the notice failed to allege that the negative votes did in fact receive a plurality of the votes cast and were in fact a majority of the votes cast; and that the relief asked for in the notice was not in the statutory powers of the district court to give as a remedy for the alleged errors set forth in the notice. The motion to dismiss the election contest was heard on April 16, 1963. At the conclusion of the hearing, contestant was given 2 days in which to file a brief in opposition to said motion for dismissal, and contestee was given an additional day in which to reply to the brief of contestant.

On April 18 contestant moved to amend his notice of election contest with the following additional allegation:

"That if the ballots referred to in paragraphs III., IV., V., & VI. of the Notice of Contest herein had been properly rejected by the judges of the Election the negative votes in said election would have exceeded the affirmative votes on the proposition."

The proposed amendment prayed for the alternative relief that the certificate of the village clerk on the proposition should be returned in the negative.

After a hearing on April 22, 1963, the court denied contestant's motion to amend the notice and dismissed the election contest. Contestant appeals from the court's order.

A comprehensive memorandum, made a part of the trial court's decision, pointed out that to entitle the contestant to amend his notice of contest after the time provided for filing the notice has expired, the original notice must be a valid notice under the statute, stating facts up-

on which, if proved, relief might be granted. The court found the original notice of contest insufficient because it sought relief to which contestant was not entitled. The court therefore found that no amendments filed after the time had expired could make the notice good since an election contest under the laws of this state is an exclusive statutory proceeding, special and summary in nature, requiring strict observance of the statute with respect to the steps necessary to provide the court with jurisdiction of the contest. This conclusion and the reasons for it are correct. It is also necessary that the jurisdictional facts appear on the face of the contest notice.

Contestant in his original notice alleged that he *believed* certain irregularities in the election had occurred, "depriving the qualified electors of Pine Island Village of a fair opportunity to vote at said election and that said election should be held invalid and the results nullified." The relief prayed for was that the election be held invalid and the results nullified.

Contestant makes no claim that the election was not properly authorized or that the holding thereof was illegal. While the conduct of the election judges and the handling of absentee ballots may have constituted objectionable irregularities, such irregularities would not necessarily invalidate the election since absentee ballots, if found invalid, could easily have been eliminated from the remaining ballots to which there was no objection. See, Wichelmann v. City of Glencoe, 200 Minn. 62, 273 N. W. 638.

The important problem presented here is, of course, whether the notice of contest complied with the requirements of applicable statutes and, if not, whether it was so fatally deficient as to prevent the court from acquiring jurisdiction to permit amendments subsequent to the expiration of the period prescribed for the serving and filing of the notice.

In a similar situation in Christenson v. Allen, 264 Minn. 395, 398, 119 N. W. (2d) 35, 38, we said:

"It is elementary that both the right to contest an election and the authority of courts to hear and determine an election contest are purely

statutory; and, absent statutory compliance, courts are powerless to entertain such proceedings."[1]

Minn. St. 209.02, subd. 1, provides that a candidate or any voter may contest an election by following the procedural requirements set forth in the chapter. Subd. 1 further provides:

"* * * The contest may be brought over an irregularity in the conduct of an election or canvass of votes or on the grounds of deliberate, serious, and material violations of the provisions of the Minnesota election law."

Subd. 2 provides:

"The contestant shall file a written notice of contest specifying the points upon which the contest will be made with the clerk of the district court * * *."

Subd. 3 provides:

"The notice of contest shall be filed within ten days after the canvass is completed * * *."

The applicable part of § 209.04 provides:

"The notices shall be treated as the pleadings in the case, and may be amended in the discretion of the court. * * * The matter shall be tried by the court in the manner provided for the trial of civil actions so far as practicable."

It is obvious from an inspection of the record on this appeal that the irregularities alleged in the original notice would not entitle the contestant to have the election declared invalid and the results nullified, as prayed for in the original notice. Moreover, the notice failed to allege just how the irregularities mentioned deprived the voters of Pine Island of a chance to vote, as the notice asserts was the result. We agree with the trial court that the original notice of contest was invalid and could not be validated by an amendment after expiration of the statutory period for filing the original notice. The case of Christenson v. Allen, *supra*,

---

[1]Phillips v. Ericson, 248 Minn. 452, 80 N. W. (2d) 513; 18 Am. Jur., Elections, § 275.

we think decisive on this point. There we said (264 Minn. 403, 119 N. W. [2d] 41):

"Section 209.04 does authorize amendments of the notice but we take it as conceded by contestant on argument that jurisdictional deficiencies in the notice of contest cannot be supplied by amendment after the time for filing the original notice of contest has expired. We are committed to the rule, universally followed, that where amendments to a pleading allege jurisdictional grounds not previously alleged in the initial pleading, the court cannot appropriate to itself jurisdiction which the law does not give by permitting such amendments after the time for initiating the proceeding has expired. In other words, a sufficient statutory notice of election contest must exist before the power to grant an amendment can be exercised. Strom v. Lindstrom, 201 Minn. 226, 275 N. W. 833."

The contestant did not seek by his notice of contest to change the result of the election so as to show that the bond issue failed to carry, but instead he sought to defeat it by declaring the whole election invalid. It is therefore clear that the notice did not initiate a valid contest under the allegations contained therein.

We hold that a notice of contest of the character here considered, seeking the relief therein asked, does not constitute a valid notice giving the court jurisdiction to grant relief.[2]

---

[2]Cf. Janeway v. City of Duluth, 65 Minn. 292, 295, 68 N. W. 24, 25, where in holding that a complaint in a taxpayer's action to enjoin issuance of bonds voted at a special election failed to state a cause of action, we said:

"It is alleged in the complaint in the most general terms that there were irregularities in conducting the election; that the judges of election were not selected from the different political parties, but were appointed without regard to party lines, and in many instances all the judges at a polling place were appointed from the same political party; that no proper registration was had prior to the election, and that in many instances the judges of election abandoned their posts, and electioneered * * * even in the booths, 'and that such electioneering on the part of such judges materially affected the result of said election.' But it is not alleged in what manner it affected the result. Neither is it averred that the irregularities changed the result of the election."

We have examined State ex rel. Burnquist v. Independent Consol. School Dist. No. 46, 242 Minn. 320, 65 N. W. (2d) 117; Peiper v. County Superintendent, 130 Minn. 54, 153 N. W. 112; Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723. As the trial court concluded, those cases are not authority for sustaining the validity of the notice of contest in the instant case. We think Christenson v. Allen, *supra,* is controlling upon the facts in the case at bar and compels affirmance of the order appealed from.

Affirmed.