IN RE APPEAL OF INDEPENDENT SCHOOL
DISTRICT NO. 697 AND OTHERS v.
COUNTY BOARD OF COMMISSIONERS,
ST. LOUIS COUNTY.
COUNTY BOARD OF EDUCATION AND
ANOTHER, INTERVENORS.

198 N. W. 2d 526.

June 2, 1972—No. 43221.

*Peterson & Popovich, James E. Knutson,* and *Peter S. Popovich,* for appellants.

*Keith Brownell,* County Attorney, and *Bruce L. Anderson,* Assistant County Attorney, for respondents.

*Hammer, Halverson, Watters & Bye, Don L. Bye,* and *Robert C. Maki,* for petitioners, amicus curiae.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

Todd, Justice.

This is an appeal from an order of the District Court of St. Louis County which dismissed an appeal from an order of the Board of County Commissioners of St. Louis County creating an independent school district from unorganized territory pursuant to Minn. St. 122.11 and denied appellants' motion for summary judgment. We reverse as to the dismissal of the appeal to the district court and dismiss the appeal from the part of the order denying summary judgment.

In early 1970, pursuant to § 122.11, proceedings were instituted by petition to create a large independent school district in St. Louis County, Minnesota, from the unorganized territory of the county. One of the requirements of the statute is that the petition requesting formation of the independent school district be signed by more than 50 percent of the resident freeholders of the proposed school district. One of the first obstacles faced by petitioners was to find a means of determining the number of resident freeholders. The county auditor furnished a computer list of taxpayers which showed originally 7,240 alleged resident freeholders. This figure was arrived at by taking the number of parcels of property marked "homestead" and multiplying that figure by two. An error was discovered in the inclusion of a township not in the proposed area and the figure was reduced to 6,110.

An examination of the computer list disclosed many obvious errors in that numerous persons were listed more than once as freeholders if they owned more than one parcel of property. Others who lived outstate or in other sections of the county or state were also listed as resident freeholders. In order to facilitate a more accurate determination, a thorough and competent survey and census was conducted by petitioners. As a result, they presented to the county board detailed information disclosing their claim of 4,188 resident freeholders, which claim was adopted by the county board.

The petitioners in all respects conformed to the requirements of § 122.11. The petition submitted for consideration contained 2,298 signatures, representing approximately 55 percent of the resident freeholders. On June 5, 1970, the commissioner of education affixed his endorsement to one of the original circulating petitions. On June 8, 1970, the St. Louis County Board received the report by the county auditor that he had verified and checked the signatures on the petition to see that each was a valid resident freeholder.

At the June 8 meeting, Ken Johnson, one of the appellants herein, volunteered general criticism and raised some questions regarding the computation of percentages, but offered no specific information, although all records were available for inspection by anyone interested.

The county board, pursuant to due notice, held a hearing on June 23, 1970. At that hearing, petitioners supplied the county board with a full factual background, including a detailed analysis as to the procedure followed in the freeholder tabulation and in the circulation and signing of the petition. Also presented were facts and figures as to busing, number of children, assessed valuation, probable increase in property taxes, and other relevant factors. Appellants provided no facts or statistical information to the county board regarding the census figures and computation of resident freeholders. Petitioners did submit 98 additional signatures as further evidence of support for the school

district but not as additional signatures on the petition. At this meeting the county board passed a resolution creating the independent school district out of the unorganized territory described in the petition. The resolution recited that all jurisdictional qualifications of § 122.11 had been met and requested that the commissioner of education affix an identification number to the school district pursuant to statute. On June 26 the commissioner of eduction affixed the number 710 to the newly created school district.

The appellants prepared a notice of appeal to the district court pursuant to the provisions of § 127.25 and set forth as their grounds for appeal all the statutory grounds.[1] The appeal named the County Board of Commissioners of St. Louis County as sole respondents. Appellants served a notice upon the county auditor and filed it within the time required with the clerk of the district court. On November 16, 1970, the district court, pursuant to the motion of the county board, dismissed the appeal as to the county board on the ground it was not an adverse party and not

---

[1] Minn. St. 127.25, subd. 1, provides in part: "Any district or any person aggrieved by final order of the county board or final order of the commissioner, or final order of the county superintendent, made pursuant to the provisions of this code, may appeal from such final order to the district court upon the following grounds:

"(1)   That the county board, the commissioner, or the county superintendent had no jurisdiction to act;

"(2)   That the county board, the commissioner, or the county superintendent exceeded its jurisdiction;

"(3)   That the action appealed from is arbitrary, fraudulent, capricious or oppressive or in unreasonable disregard of the best interest of the territory affected;

"(4)   That the order [or] action appealed from is based upon an erroneous theory of law.

"An appeal from a final order of a county board shall be taken by serving a notice of appeal upon the county auditor. * * * The notice of appeal shall be filed with the clerk of the district court and noticed for hearing in the manner provided for the trial of civil actions by Minnesota rules of civil procedure."

a proper party to the appeal. Subsequently, on November 23, 1970, the County Board of Education for the Unorganized Territory of St. Louis County and the county auditor moved to intervene for the sole purpose of moving for a dismissal of the appeal. On December 15, 1970, the appellants filed notice of motion for summary judgment. These matters were heard together by the trial court, the county attorney appearing only in support of the motion for intervention and dismissal and the attorney for appellants appearing in opposition to this motion and in support of appellants' motion for summary judgment. There were no other appearances. The trial court allowed the appellants to present substantial evidence in support of their motion for summary judgment. On May 24, 1971, the court entered its order from which this appeal is taken.

1. The appeal from the order of the board of county commissioners to the district court was made under the provisions of Minn. St. 127.25. The appellants in perfecting the appeal created the title of the appeal. The language of the statute is totally devoid of any guidelines except for a reference to the Rules of Civil Procedure. Appellants chose to name the board of county commissioners as respondents in their appeal, and when the trial court properly dismissed the board, this left the title of the proceedings with the named appellants and no respondents. We hold that the petitioners are the proper adverse parties in this appeal. In re Order of Superintendent of Schools, Nobles County (Peterson v. Joint Independent Consol. School Dist.) 239 Minn. 233, 236, 58 N. W. 2d 465, 467 (1953).

2. The appellants properly served the county auditor and timely filed the notice of appeal with the clerk of district court. The trial court held that following the dismissal of the respondent county board and the failure of the appellants to substitute the petitioners as respondents, despite invitations and opportunities to do so, the appeal should be dismissed. We must reverse this holding in the light of the clear and express statement made

in the Peterson case, where we held (239 Minn. 237, 58 N. W. 2d 468):

"* * * Notice need not be served on any party other than the county auditor. Service on the county auditor gives the district court complete jurisdiction of the proceeding and of all adverse parties."

3. The trial court by reason of the service made by the appellants had jurisdiction over the petitioners. Admittedly, anyone investigating the records of the district court or the county auditor would be confused by the title of the appeal selected by the appellants. The trial court in its memorandum indicated that the county auditor would have extreme difficulty in deciding who to notify regarding the filing of the appeal. We hold that the duty to establish a means of notification to the parties involved lies with the court and not with the county auditor. As we have previously stated,[2] it is practically impossible to personally serve all of the 2,298 original petitioners. The Rules of Civil Procedure have no specific rules which cover this situation. However, Rule 23, dealing with class actions, particularly Rule 23.03 (2),[3] which authorizes the court to direct the best notice practicable under the circumstances, provides some guidelines which should be followed.

In this case, the trial court on its own motion could direct a method of serving notice of the time and place of the hearing on appeal and providing for appearances by interested parties. The precise method to be followed should be left to the sound discretion of the trial court, but it would seem reasonable to include

---

[2] In re Order of Superintendent of Schools, Nobles County (Peterson v. Joint Independent Consol. School Dist.) 239 Minn. 233, 58 N. W. 2d 465 (1953).

[3] Rule 23.03(2), Rules of Civil Procedure, provides in part: "In any class action maintained under Rule 23.02(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

mailing of notice of the hearing to those petitioners who appeared personally or to their counsel who appeared on their behalf at the proceedings before the board of county commissioners. In addition, the trial court could provide for publication of the notice of the hearing, indicating that interested persons should present themselves at the time and place at which it would be held. These suggestions are not binding upon the trial court.

4. The role of the trial court on an appeal pursuant to § 127.25 has been carefully defined:

"An order of a county board in detaching land from a school district and attaching that land to another school district is a legislative act. Accordingly, the scope of judicial review is controlled by well-established principles. Under Minn. St. 127.25, as well as under the constitutional principle of separation of powers, the function of the trial court on an appeal from such an order is limited to determining whether the board had jurisdiction; whether it exceeded its jurisdiction; whether its order was based on an erroneous theory of law; and whether the action taken was arbitrary or unreasonable. The trial court cannot try the case de novo nor can it substitute its judgment for that of the county board." In re Petition of Minneapolis Area Development Corp. 269 Minn. 157, 163, 131 N. W. 2d 29, 35 (1964).

5. The appellants also appeal from that part of the order of the trial court denying their motion for summary judgment. The trial court did not certify any questions as important and doubtful. Such an order is nonappealable, In re Estate and Guardianships of Williams, 254 Minn. 272, 95 N. W. 2d 91 (1959), and that appeal is therefore dismissed.

6. Finally, the statement of this court in the Peterson case seems to have particular application in this case (239 Minn. 239, 58 N. W. 2d 469):

"Since we have reached the conclusion that the appeal must be dismissed, we purposely refrain from a detailed discussion of the merits of the appeal. To do so would be to indulge in obiter

dictum. However, since the interests of the public are involved and because there has been justifiable confusion as to the proper party upon whom notice of appeal should be served in order to give this court jurisdiction, we have made a careful examination of the record, the briefs, appellants' assignments of error, and the merits of this appeal. We have reached the conclusion that, had this appeal been here on the merits, we would have been compelled to affirm the judgment. There were irregularities in the proceedings—irregularities which, with a little care on the part of those charged with the responsibility of conducting the proceedings, could have been avoided. However, we have concluded, as did the trial court, that the irregularities and discrepancies in the proceedings were not prejudicial nor jurisdictional. The rule governing that situation is stated in the case of Schweigert v. Abbott, 122 Minn. 383, 390, 142 N. W. 723, 725, as follows:

" '* * * It was not, however, intended or expected that the courts would, on such appeal, hold fatal all informalities or defects; on the contrary, the statute should be construed as vesting in the court jurisdiction to determine whether any essential jurisdictional requirement had been omitted or exceeded. So that, however informal may be the proceeding and the steps taken therein, the result thereof must be held valid, unless some essential jurisdictional step was omitted.'

"See, also, In re Common School Districts, Lyon and Yellow Medicine Counties, 231 Minn. 40, 42 N. W. (2d) 393."

Many of the errors alleged by the appellants herein were disposed of by the trial court in the Peterson case, which findings and conclusions we indicated would have been affirmed if this court had reached the merits in that case.

The trial court in its excellent memorandum points out that, in considering appellants' motion for summary judgment it necessarily had to consider the matter in virtually the same posture as if it were deciding the issues raised by the appeal.

However, the merits of the appeal are not procedurally before us, nor were they procedurally properly before the trial court. Therefore, we must necessarily reverse the order for dismissal and send the matter back to the trial court for further hearing pursuant to the appeal statute.

The order for dismissal is reversed, and the appeal from the order denying summary judgment is dismissed. Neither party will be allowed costs.

MR. JUSTICE MacLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.