**Donald E. WHITE, Appellant,**

**v.**

**NEW HAMPSHIRE INSURANCE COMPANY, Respondent.**

**No. C2-86-14.**

Court of Appeals of Minnesota.

July 1, 1986.

Review Denied Aug. 27, 1986.

James A. Hart, St. Louis Park, for appellant.

Joseph F. Lulic, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN, and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

After a fire destroyed a building owned by appellant Donald White, White submitted a claim to his insurer. The parties failed to agree on the amount of loss, White commenced a lawsuit, and both parties moved for summary judgment.

The trial court denied White's motion and ordered White to submit to an appraisal hearing. *See* Minn.Stat. § 65A.01, subd. 3 (1984). After the appraisal hearing, White was awarded $80,180, which New Hampshire has paid. White appeals from the trial court's order. We affirm.

## FACTS

In January 1984 Donald White, a general contractor, purchased a vacant triplex residential building in St. Paul for $20,000. Immediately after purchase, White commenced renovation of the property, and eventually the building was completely stripped to the studs. On March 7, 1984, an independent insurance agent issued a binder on New Hampshire for builder's risk coverage in the amount of $130,000.

On the same day, a fire of incendiary origin totally destroyed White's structure. White estimated that the renovation project was eighty-five percent complete at the time of the fire and that approximately

$15,000 worth of labor and $4,000 in materials were necessary to finish the renovation.

On April 3, 1984, White submitted a proof of loss to New Hampshire, claiming $119,900 under the policy. Settlement efforts failed and White commenced a lawsuit seeking recovery under the policy. He moved for summary judgment on the theory that he suffered a total loss and was entitled to the full amount of the policy limits ($130,000) under the valued policy statute. *See* Minn.Stat. §§ 65A.01, subd. 5, 65A.08, subd. 2 (1984). New Hampshire responded with a motion for summary judgment in its favor and for an order compelling White to submit to an appraisal hearing pursuant to section 65A.01. *See* Minn.Stat. § 65A.01, subd. 3 (1984).

The trial court issued an order on November 25, 1985 denying White's motion for summary judgment and requiring White to submit to an appraisal hearing. The trial court's order was captioned "[o]rder denying plaintiff's motion for summary judgment." The trial court reasoned that the valued policy statute, which provides that in the case of total loss because of fire, the insurer "shall pay the whole amount mentioned in the policy," Minn. Stat. § 65A.08, subd. 2 (1984), does not apply to builders' risk policies because:

> it makes little sense to require a builders' risk insurer to comply with the inspection requirements of Minn.Stat. § 65A.08, subd. 2 simply because the structure the statute would require the insurer to inspect prior to issuing a policy may not even have been built yet.

Alternatively, the trial court reasoned that the complete loss of a structure undergoing renovation is not a total loss within the meaning of the statute, and thus White should receive only the value of the loss actually sustained. The court added that the policy itself clearly indemnified White for the value of the structure at the time of the fire.

An appraisal hearing was held in December 1984, and an appraisal award was entered in the amount of $80,180, which amount New Hampshire paid. White never contested this award.

In January 1986 White filed a notice of appeal, appealing from the trial court's November 25th order denying his motion for summary judgment and ordering him to submit to an appraisal proceeding.

## ISSUES

1. Did White appeal from a non-appealable order?

2. Do the valued policy provisions of Minn.Stat. §§ 65A.01, .08 apply to a building, which is undergoing renovation and is insured under a builder's risk policy, that is completely destroyed by fire?

## ANALYSIS

### I.

White claims he is appealing that portion of the order granting New Hampshire's motion requiring him to submit to an appraisal hearing.

New Hampshire contends that White is seeking review of an order denying his motion for summary judgment, and that the appeal is thus improper because such an order is a non-appealable order. *See Independent School District No. 697, Eveleth v. County Board of Commissioners,* 293 Minn. 289, 296, 198 N.W.2d 526, 530 (1972).

In the interests of justice and judicial economy, we review and decide the merits. *See* Minn.R.Civ.App.P. 103.04.

### II.

The writing of fire insurance in Minnesota is regulated entirely by statute. *See* Minn.Stat. §§ 65A.01–.15 (1984). One provision, designated as the "Minnesota Standard Fire Insurance Policy," provides the printed form of fire insurance that is permitted in this state, and mandates that all policies "shall provide the specified coverage and conform as to all provisions, stipulations, and conditions, with such form of policy, except as provided in section 65A.06." *Id.* § 65A.01, subds. 1, 3. The

exceptions contained in section 65A.06 are made expressly inapplicable to buildings or structures. *See id.* § 65A.06.

Section 65A.01 also provides that insurers are prohibited from attaching provisions limiting the amount to be paid in the case of total loss on buildings by fire to less than the stated amount of insurance. *Id.* § 65A.01, subd. 5. This "valued policy law" is repeated in section 65A.08, which provides that "the insurer shall pay the whole amount mentioned in the policy or renewal upon which it receives a premium, in case of total loss, and in case of partial loss, the full amount thereof." *Id.* § 65A.08, subd. 2.

White argues that the trial court's determination that a builder's risk policy is outside of the valued policy law of section 65A.08 is wrong. The trial court reasoned that when issuing a builder's risk policy, it is impossible for the insurer to comply with the inspection requirements in subdivision 2 of section 65A.08. White correctly notes that section 65A.08 does not contain an inspection requirement. *See id.* § 65A.08. White adds that subdivision 1 of section 65A.08, which did contain an inspection requirement, was repealed in 1979. On this basis, White asserts the trial court's holding that section 65A does not apply to builder's risk policies is grounded on a repealed statute.

Moreover, White claims the court erroneously focused on whether the loss was total when the real issue is whether a loss occurred to a building. Furthermore, White notes that, in the absence of fraud, the mere fact that the insured will profit does not bar the insured from recovering the full amount of the policy limit. Here, White claims that there was a total loss to his building, and thus he should recover $130,000.

White also argues that in construction projects, two interests are present, that of the contractor and that of the owner of the building. The builder's risk policy is designed to protect the contractor's interest, and the owner's interest is protected by the Minnesota Standard Fire Policy. White contends the trial court incorrectly focused exclusively on the contractor's interest, thereby ignoring his interest "to the extent of the value of the existing building at the time the insurance was written." White contends that the policy limit of $130,000 indicates that New Hampshire undertook to cover both his interests as a contractor and an owner.

White's final argument is that statutory and common law canons of construction dictate that the valued policy provisions apply to the policy issued by New Hampshire. If a statute is clear and unambiguous, the words of the statute may not be disregarded. Minn.Stat. § 645.17 (1984). White contends that section 65A is triggered because the policy covered the risk of fire, and because there was a total loss, New Hampshire must pay the full amount without inquiry into the actual value of the building at the time of its destruction.

White adds that even if the section 65A is found to be ambiguous, the legislative intent and history prohibit provisions allowing the insurer to pay less than the policy amount, and that any ambiguities in the insurance contract must be resolved against the insurer.

New Hampshire counters that the policy at issue is a builder's risk policy, which covers the actual value of a building or structure in the course of construction, building materials and supplies to be installed in the insured building, and machinery and equipment. New Hampshire points out that the policy limits liability "to the extent of the actual cash value of the property at the time of loss," and that liability shall not exceed $130,000. New Hampshire emphasizes another policy provision which provides that:

> The limit of liability applicable to property under this policy is provisional. It is a condition of this insurance, wherein the rate and premium are based on an average amount of liability during the period of construction, that at any date while this policy is in force, the actual limit of liability under this policy is that proportion of the provisional limit of liability

that the actual value of the described property on that date bears to the value at the date of completion, but shall not in any case exceed the provisional limit of liability * * *.

New Hampshire argues that the policy at issue is simply a policy covering a construction project up to a limit of $130,000.

New Hampshire notes that the whole purpose of the valued policy provision is to have the insurer and insured agree on a valuation of the property to be insured, which valuation is not subject to judicial inquiry. With respect to a builder's risk policy, however, New Hampshire argues the valued policy provision cannot be complied with because at the time insurance is contracted for, there is no building to value. A builder's risk policy insures a construction project, and here White's building was totally gutted prior to the commencement of renovation.

New Hampshire concludes that it would be absurd to permit a contractor/owner to recover the face amount of a builder's risk policy because of the windfall profits that would accrue to the insured.

We conclude White received a builder's risk policy. The language of the policy is unambiguous. The policy contains limitations of coverage, which clearly provide that the policy covers the actual value of the building at the time of destruction, supplies on the premises to be used in the building, and equipment. The $130,000 policy value is the *limit* of losses that New Hampshire agreed to cover. Because of these limitations, the policy is not, as the trial court properly concluded, within the scope of the valued policy provisions. White was entitled to and has received the actual value of the loss he incurred. The trial court did not err in requiring White to submit to an appraisal hearing.

## DECISION

Because the policy in issue is a builder's risk policy, the valued policy provisions of Minn.Stat. §§ 65A.01, .08 do not apply, and the insured properly recovered the actual value of the building at the time of its destruction.

Affirmed.